# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $5,600,000.00 | 06-22-2016 | 06-22-2021 | [redacted] | [redacted] | [redacted] | TG | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Platform Bradley LLC
600 Waukegan Road, Suite 129
Northbrook, IL 60062

**Lender:** International Bank of Chicago
5069 N. Broadway St.
Chicago, IL 60640

**Principal Amount: $5,600,000.00** **Date of Note: June 22, 2016**

**PROMISE TO PAY.** **Platform Bradley LLC ("Borrower") promises to pay to International Bank of Chicago ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Million Six Hundred Thousand & 00/100 Dollars ($5,600,000.00), together with interest on the unpaid principal balance from June 22, 2016, until paid in full.**

**PAYMENT.** **Borrower will pay this loan in accordance with the following payment schedule, which calculates interest on the unpaid principal balances as described in the "INTEREST CALCULATION METHOD" paragraph using the interest rates described in this paragraph: 24 monthly consecutive interest payments, beginning July 22, 2016, with interest calculated on the unpaid principal balances using an interest rate of 5.000%; 35 monthly consecutive principal and interest payments of $31,126.62 each, beginning July 22, 2018, with interest calculated on the unpaid principal balances using an interest rate of 4.500%; and one principal and interest payment of $5,241,595.15 on June 22, 2021, with interest calculated on the unpaid principal balances using an interest rate of 4.500%. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid collection costs; then to any late charges; then to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**INTEREST CALCULATION METHOD.** **Interest on this Note is computed on a 30/360 simple interest basis; that is, with the exception of odd days before the first full payment cycle, monthly interest is calculated by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days before the first full month is calculated on the basis of the actual days and a 360-day year. All interest payable under this Note is computed using this method.**

**RESERVE ACCOUNT.** Borrower shall establish a Reserve Account with Lender prior to closing as follows:

**Payment Reserve.** Borrower shall deposit the amount of $280,000.00 into the Reserve Account as a payment reserve for making required monthly payments on the loan so long as Borrower's occupancy level for three (3) consecutive months for the collateral property at 27944 Bradley Road, Green Oaks, IL 60048 ("Collateral Property") does not fall below the base occupancy level of 15.4%, which level shall be increased each month by adding an additional 2.75% (i.e., second month: 15.4% + 2.75% = 18.15%). In the event Borrower's occupancy level fails below the required occupancy level, Lender shall not disburse funds from the payment reserve for making Borrower's required monthly payments until such time as the occupancy level equals or exceeds the required level stated herein. During the abatement of the use of the payment reserve as provided herein, Borrower shall make required monthly payments "out of pocket" from assets other than funds held in the Reserve Account. Any payment reserve left after conversion of the loan to Principal and Interest payments shall be applied as a reduction of principal on the loan.

**Capital Improvement Reserve.** Borrower shall deposit the amount of $150,000.00 into the Reserve Account for the payment of capital improvement startup costs and completed capital improvements to the Collateral Property as agreed upon by Lender.

**Operating Reserve.** Borrower shall deposit the amount of $50,000.00 into the Reserve Account for purposes of covering operating losses as projected by the Borrower and as agreed upon by Lender.

The Reserve Account shall be pledged/assigned as additional collateral for the loan subject to the above terms and conditions and the terms and conditions of the pledge/assignment documents and shall not be released until the loan is paid in full.

**Conversion to Principal and Interest Payments.** Provided there have been no Events of Default under the loan, this loan shall be eligible for conversion to principal and interest payments (upon an amortization term agreeable to Lender) and an interest rate reduction to 4.5% per annum, upon the request of Borrower, provided the Borrower has maintained a minimum 1.25 times debt service coverage ratio (based on principal and interest payments) over a consecutive three (3) month period.

**Account Relationship.** Borrower agrees that during the term of this loan, they shall maintain all business and operating accounts with Lender.

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: International Bank of Chicago, 5069 North Broadway Chicago, IL 60640.**

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, at Lender's option, and if permitted by applicable law, Lender may add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note (including any increased rate). Upon default, the interest rate on this Note shall be increased to 15.000%. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in

PLAINTIFF'S EXHIBIT B

Case: 1:19-cv-01912 Document #: 1-2 Filed: 03/20/19 Page 2 of 4 PageID #:11

Loan No: [redacted]

# PROMISSORY NOTE
## (Continued)

Page 2

---

any environmental agreement executed in connection with any loan.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Illinois.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower might have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Note is secured by First Mortgage and Assignment of Rents in the principal amount of $5,600,000.00 dated June 22, 2016 on the property commonly known as 27844 North Bradley Road, Green Oaks, IL, 60048, PIN: 11-26-200-000-0000.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**ILLINOIS INSURANCE NOTICE.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement

**PROMISSORY NOTE
(Continued)**

Loan No: ████████                                                                         Page 3

with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in the collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by their agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on Borrower's own.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

PLATFORM BRADLEY LLC

By: _____
Scott J Krone, Manager of Platform Bradley LLC

By: _____
Noel P Cain, Manager of Platform Bradley LLC