```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION


 3

    ILLINOIS ASSET MANAGEMENT, LLC, ) Docket No. 19 C 1912
 4                                  )
                         Plaintiff,)
 5                                  )
              vs.                   )
 6                                  )
    SCOTT J. KRONE,                 ) Chicago, Illinois
 7                                  ) April 17, 2019
                        Defendant.) 9:17 o'clock a.m.
 8

 9             TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE JOHN Z. LEE
10

11  APPEARANCES:

12
    For the Plaintiff:        LAW OFFICE OF JEFFREY C. BLUMENTHAL
13                            BY:  MR. JEFFREY C. BLUMENTHAL
                              2970 Maria Avenue, Suite 223
14                            Northbrook, Illinois  60062

15
    For the Defendant:        ROCK, FUSCO & CONNELLY, LLC
16                            BY:  MR. JOHN J. ROCK
                              321 North Clark Street, Suite 2200
17                            Chicago, Illinois  60654

18
    Court Reporter:           MR. JOSEPH RICKHOFF
19                            Official Court Reporter
                              219 S. Dearborn St., Suite 1232
20                            Chicago, Illinois  60604
                              (312) 435-5562
21

22              * * * * * * * * * * * * * * * * *

23              PROCEEDINGS RECORDED BY
                 MECHANICAL STENOGRAPHY
24           TRANSCRIPT PRODUCED BY COMPUTER

25
```

```
 1              THE CLERK:  19 CV 1912, Illinois Asset Management vs.
 2   Krone.
 3              MR. BLUMENTHAL:  Good morning, your Honor, Jeff
 4   Blumenthal on behalf of Illinois Asset Management.
 5              MR. ROCK:  Good morning, your Honor, John Rock,
 6   R-o-c-k, on behalf of Scott Krone.
 7              Judge, this is up on our motion to open the judgment
 8   that was recently entered by the Court and to stay enforcement
 9   of that judgment.
10              THE COURT:  So, what's the status of the state court
11   case?  What's going on there?
12              MR. ROCK:  We literally just filed our third amended
13   complaint -- I believe it was on the 2nd of April -- against
14   all the defendants, including Mr. Arif and Illinois Asset
15   Management.  So, the court set a schedule for -- I think the
16   court set a schedule for -- responses to be due to that
17   complaint.
18              MR. BLUMENTHAL:  Judge, the complaint was filed on
19   April 5th, not April 2nd.
20              THE COURT:  So, with regard to the motion to vacate
21   judgment and stay, I understand that the plaintiff -- when
22   Illinois Asset Management filed this case, the counsel that
23   appeared for the defendant was actually hired pursuant to the
24   terms of the agreement -- of the consent judgment agreement;
25   is that correct?
```

1  MR. BLUMENTHAL: That's right, your Honor.
2  THE COURT: I guess it would have been helpful for me
3  to know that there were these other proceedings going on,
4  because it does raise issues about comity and about whether or
5  not I should abstain with regard to this case in light of the
6  underlying dispute.
7  I take it that the underlying -- the state court case
8  deals with many of the same issues or at least contests the
9  enforceability or the basis for the judgment that was sought
10  by the plaintiff here?
11  MR. ROCK: That is correct, your Honor.
12  MR. BLUMENTHAL: Judge, it really doesn't.
13  The commercial guarantee that -- if I may, Judge --
14  that counsel signed provides that it waives any defenses given
15  to guarantors at law or in equity, other than actual payment
16  and performance of the indebtedness. The issues in the state
17  court action are separate and apart.
18  I mean, what we would like to do, if his Honor
19  permits, I would like 21 days to respond to -- it's Passover
20  and Easter weekend -- to respond to the motion to open the
21  judgment. And we can present the issues, I think, in a fairer
22  way than I think they're presented in the motion.
23  THE COURT: The request for stay, what's the basis
24  for the stay?
25  MR. ROCK: The basis for the stay is they have frozen

1  my client's account.  My client is a family man who has a
2  mortgage, children.  He needs money to pay those things, so
3  that he doesn't become foreclosed on his own house.  He has to
4  feed his children, heat his house.  Things like that, Judge.
5          MR. BLUMENTHAL:  Judge, the --
6          MR. ROCK:  They've gone after his personal bank
7  account.
8          MR. BLUMENTHAL:  Judge, the --
9          MR. ROCK:  And with due respect, you know, the law
10 regarding this, there isn't a response.  I mean, they can file
11 a response, as long as it's consistent with what we've set
12 forth in the motion and in the third amended complaint.
13         They're not going to do that.  They're going to
14 contest this.
15         So, we have a viable counterclaim.  We have a viable
16 complaint against this.  They brought in this other attorney.
17 They didn't tell your Honor that we were -- had this hotly
18 contested litigation that's been going on for quite some time
19 in the Circuit Court of Cook County.  Rather, they came in
20 here thinking this is some just garden variety note that they
21 were trying to enforce.  This is not anywhere near close.
22         This is where two co-managers of two LLCs with my
23 client conspired with their attorney, Mr. Arif, who created an
24 LLC -- or created a corporation -- to go out and buy this note
25 and, then, turn around and use it as a hammer against my

1  client in order to disenfranchise him from the LLC and the
2  property.  That is such a clear and ridiculous abuse of their
3  -- breach of fiduciary duty.  It's unconscionable.  It
4  literally -- when I was reading this, it made me -- I was
5  astounded that they would try to pull something off,
6  especially in this building.  I mean, this is gamesmanship at
7  its absolute highest.
8          MR. BLUMENTHAL:  You know, Judge, I --
9          THE COURT:  I don't need you to argue it --
10         MR. BLUMENTHAL:  All right.
11         THE COURT:  -- now.
12         I'll give you 21 days to file --
13         MR. BLUMENTHAL:  Thank you, your Honor.
14         THE COURT:  -- your response.
15         If you want to file a reply, you can file it seven
16 days thereafter, by May 15th.
17         And we'll set this case for further status the
18 following week, the week of May 20th.
19         MR. ROCK:  Judge, we would still ask for a stay of
20 the enforcement of the judgment, so that my client's bank
21 account is not frozen and that he can live his life with his
22 children and his wife and his house.
23         MR. BLUMENTHAL:  You know, Judge, that account has
24 $17,000 in it.  That's what it has in it.  It's not an account
25 that is going to pay a $6 million judgment.

1         And on top of it, Judge, I don't -- I would agree not
2    to further execute on the judgment, provided that Krone agrees
3    not to transfer any of his assets or assets in which he has an
4    interest without first securing a court order.  I'm happy to
5    agree not to further -- while we're briefing this -- to
6    further execute.  But I don't want him moving his assets.
7         What was told to you I don't think is -- it's not
8    correct.  Among other things, his two partners were paying the
9    underlying interest on this note for six or seven months and
10   Mr. Krone was free-riding on the note.  I mean, there's so
11   much involved in this that I just don't think you got a fair
12   explanation from Mr. Rock.
13        THE COURT:  When you came in on the motion -- the
14   Illinois Asset Management motion -- did you provide -- did you
15   serve a copy of it and provide a copy of it to the defendant
16   in this case?
17        MR. BLUMENTHAL:  No, because I didn't have to, Judge.
18   And what we -- this note provides that any attorney --
19        THE COURT:  I understand what the note provides.  But
20   that's kind of -- that's your view of the world.  And your
21   view may end up being correct.  But, certainly, with regard to
22   notice, I think that it would have been the more prudent
23   course to provide notice to the defendants against which the
24   judgment would be entered; wouldn't you say?
25        MR. BLUMENTHAL:  Judge, I gave them notice of the

1 citation, which is what I was required to do. And that, they
2 got immediately. The day I filed the citation, I served the
3 citation notice on Mr. Krone and sent copies of those
4 pleadings to Mr. Rock's firm. And the citation was sent two
5 weeks in advan- -- two weeks from that date. So, they had
6 notice of that. That's what I was required to do, and that's
7 what I did. Under the confession of judgment, I was not
8 required to give him notice.
9       The fact that a defendant objects -- you know, that
10 was one of their positions -- to a confession of judgment --
11 there would never be a confession of judgment -- or almost
12 never be a confession of judgment -- if that were what was
13 required because everybody would come in and they'd say, well,
14 you know, don't do this.
15       This is a sophisticated businessman who, as part of a
16 loan transaction, signed a broad-based guarantee that gave the
17 right to the lender to have another attorney appointed to file
18 a cognovit as the amount due, and that was what was done.
19 And, frankly, there was no misleading of the Court, I don't
20 believe, Judge. I hope not. Because what was said was, "No
21 objection, your Honor -- " this is -- this is what Mr. Somen
22 said --
23       THE COURT: I went back and read the transcript.
24       MR. BLUMENTHAL: Yeah.
25       THE COURT: So, is there $17,000 in this account?

1          UNIDENTIFIED SPEAKER:  I don't know.  They won't tell
2  me.
3          MR. ROCK:  The bank won't communicate with my client.
4          MR. BLUMENTHAL:  That's what they told me, that there
5  was 17,000.
6          I haven't sought a turnover order, and I won't -- as
7  long as Mr. Krone agrees not to move assets while we're
8  briefing this, I won't further execute.  I mean, that's fair.
9  But it would be unfair to require me not, you know, to execute
10 if he can transfer assets.
11         MR. ROCK:  He will not transfer assets.
12         MR. BLUMENTHAL:  Well, if we can have an order to
13 that effect.
14         MR. ROCK:  Right.  I'm just telling you I --
15         THE COURT:  Hold on.  Okay?
16         So, Mr. Krone has agreed through counsel that he's
17 not going to transfer any assets out of that account.
18         Is that correct, counsel?
19         MR. ROCK:  Yes, sir.
20         THE COURT:  Okay.
21         MR. BLUMENTHAL:  Not of any accounts.  I mean, you
22 know, Judge, I don't want him transferring assets and hiding
23 assets from our judgment, if that's -- if he agrees not to
24 transfer any assets --
25         THE COURT:  But right now the only assets for which

1   you have a citation is the assets at issue, right?
2           MR. BLUMENTHAL:  That's correct, Judge.
3           THE COURT:  So, I mean, he may have other assets out
4   there; but, at this point, those are -- while this motion is
5   pending, those are not impacted by the judgment as of yet,
6   unless you issue a further citation.
7           MR. BLUMENTHAL:  Then I would issue further
8   citations.
9           I don't -- I'm willing not to do that, as long as
10  there's control on those assets.  If, you know, he can come to
11  court and make a presentation, you know, that's fine.  But I
12  don't think other than through court order he should be
13  allowed to move his assets around.
14          THE COURT:  What do you think about that?
15          UNIDENTIFIED SPEAKER:  I'd like to talk to you.
16          MR. ROCK:  Can we just take a moment, your Honor?
17          THE COURT:  Go ahead.  I'll call you back up in about
18  five minutes.
19          MR. ROCK:  Thank you.
20          MR. BLUMENTHAL:  Thank you.
21          I'm sorry if I raised my voice.  I didn't mean to do
22  that, Judge.  Apologize.
23      (The Court gave its attention to other matters, after
24  which the following proceedings were had in open court:)
25          THE CLERK:  Recall of Case 19 CV 1912, Illinois Asset

```
 1  Management vs. Krone.
 2          MR. BLUMENTHAL:  Judge, right now we don't have an
 3  agreement.  I don't know what to say.  I mean, if --
 4          THE COURT:  You don't have to say anything.
 5          All right.  So, at the moment, the motion to stay is
 6  denied.  I will consider the motion on the papers.
 7          MR. BLUMENTHAL:  Thank you very much.
 8          THE COURT:  Thank you.
 9          MR. ROCK:  Your Honor --
10          THE COURT:  That's my decision.  Thank you.
11                      *    *    *    *    *
12
13  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
14
15
    /s/ Joseph Rickhoff                          April 17, 2019
16  Official Court Reporter
17
18
19
20
21
22
23
24
25
```