**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS ASSET MANAGEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1912 |
| | ) | |
| SCOTT J. KRONE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SCOTT J. KRONE'S MOTION TO RECONSIDER**

Defendant, SCOTT J. KRONE, through his undersigned attorneys, and for his Motion to Reconsider its April 17, 2019 Minute Order regarding Krone's Motion to Open the Judgment by Confession and Stay Enforcement of the Judgment, states the following.

1.     On April 17, 2019, the Court entered a briefing schedule on Krone's Motion to Open the Judgment by Confession and Stay Enforcement of the Judgment. (Dkt. #17 and 21). The Court did so at the request of Plaintiff's counsel, in part based on counsel's representations as to certain facts he believed would be relevant to the Court's decision. Krone respectfully disagrees that a briefing schedule should have been ordered, and requests that the Court reconsider the need for a briefing schedule and grant the motion to open the judgment, or, at the very least, impose an immediate stay on enforcement of the judgment pending the Court's ruling on Krone's motion. [1]

---

[1] There is no dispute that Krone's motion should be governed by Illinois law. As a federal court sitting in diversity, the Court applies state substantive law and federal procedural law. *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009); *citing Harper v. Vigilant Ins. Co.,* 433 F.3d 521, 525 (7th Cir.2005). Where the parties do not dispute the forum state's substantive law, the law of the forum state governs. *Id.*; *Wood v. Mid–Valley Inc.,* 942 F.2d 425, 426 (7th Cir.1991) (applying Illinois law in diversity suit where the parties did not dispute choice of forum state's law).

2.    Reconsideration of an interlocutory order is not governed by Federal Rules of Civil Procedure 59 or 60; rather, it falls within the court's inherent power to modify orders in a pending case before final judgment. Curtis v. Wilks, No. 08 C 3527, 2014 WL 12804621, at *1 (N.D. Ill. June 6, 2014); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). The Seventh Circuit Court of Appeals has stated that motions to reconsider should be presented when the court has "made an error not of reasoning but of apprehension." *Id. Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Accordingly, "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id. Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quotation omitted).

3.    Krone respectfully suggests the entry of a briefing schedule was in error because under Illinois law, the only question for the Court to consider is whether or Krone's verified motion discloses a *prima facie* defense or counterclaim, and the Court must accept as true those sworn facts asserted in Krone's motion. *Fed. Deposit Ins. Corp. v. Bruno*, 777 F.Supp. 1432, 1434 (N.D. Ill. 1991) *citing Colonial Bank & Trust Co. v. Kozlowski,* 106 Ill.App.3d 639, 642, 435 N.E.2d 1251, 1253 (1st Dist.1982). The court is foreclosed from inquiring "into the facts of the cause." *Id.*, *citing National Boulevard Bank of Chicago v. Corydon Travel Bureau, Inc.,* 95 Ill. App. 2d 281, 285, 238 N.E.2d 81, 83–84 (1st Dist. 1968). Although the motion is addressed to the sound legal discretion of the court and will not be disturbed on review absent an abuse of that discretion, when a *prima facie* defense is raised, the trial court has no discretionary authority but must open the judgment and proceed to trial. *Kim v. Kim*, 247 Ill. App. 3d 910, 913–14, 618 N.E.2d 1224, 1226 (1993).

2

4. While Krone recognizes this Court has not yet made a final decision on his motion, the impact of the confessed judgment on his personal and professional lives has been dramatic, and will only exacerbated with each passing day. Plaintiff's proposed response – which appears to be based on Plaintiff's competing version of facts – cannot operate to invalidate a *prima facie* showing by Krone that he has a defense and counterclaims to the judgment.

5. For example, at the last hearing Plaintiff's counsel told the Court that Krone's business partners had been paying on the note at issue for six or seven months, and that Krone was "free-riding" on the note. (*See* Transcript, 4/17/2019, p. 6, attached as Exhibit A). Not only is this representation false, it is also irrelevant to the motion, because at this stage, the only question for the Court is whether Krone's motion sets forth facts to support a defense or counterclaim. Indeed, it is improper for the trial court to consider a judgment-creditor's affidavit or answer to a motion to open judgment, as the trial court "may not try the merits of the case on the affidavits or counter-affidavits as such a procedure would encroach upon the right to trial by jury." *Kuh v. Williams*, 13 Ill. App. 3d 588, 593 (1st Dist. 1973) ("upon the showing of such a *prima facie* defense, the Court has no discretionary authority and must open the judgment to proceed to trial"). *Id.* And a "*prima facie* defense" includes counterclaims. *Id*.

6. For this reason, Plaintiff is foreclosed from offering a response to the motion under Rule 276; it is only allowed to submit a counter affidavit. Ill. S. Ct R. 276. And any counter-affidavit by the plaintiff is considered "only to the extent that [it is] consistent with the allegations" made by the defendant. *Kuh*, 13 Ill. App. 3d at 593., *citing Herget Nat'l Bank of Pekin v. Theede,* 181 Ill.App.3d 1053, 1056, 537 N.E.2d 1109, 1111 (3d Dist.1989); *see also Kim v. Kim*, 247 Ill. App. 3d 910, 913 (2d Dist. 1993).

3

7.     In his motion, Krone alleges that Plaintiff, its owner Abdul Arif and Arif's clients Freedom Buildings, LLC ("Freedom"), the Subhash H. Shah Family Partnership ("Shah"), Freedom's manager/owner Muthukumar Vellachaimy ("Kumar") and Shah's manager/owner Subhash H. Shah ("Subhash") are attempting to unlawfully use the commercial guarantee and its confession of judgment provision as a sword against Krone in order to force him out of two companies.  They are also attempting to convince the other members of the Platform Bradley LLC that IAM's only other option to satisfy the debt is foreclosure (even though Kumar and Subhash signed identical guarantees identical to Krone's).  This conduct constitutes a massive breach of fiduciary duties owed to Krone and the other member sby Freedom and Shah, and support the claims in Krone's Third Amended Complaint in the Circuit Court of Cook County for breach of fiduciary duty, aiding and abetting breach of fiduciary duty and conspiracy to breach fiduciary duties, as a well as a claim for declaratory judgment that the commercial guarantee relied upon for the confessed judgment is invalid and unenforceable.

8.     Having established a *prima facie* defense and counterclaim to the guarantee, execution or enforcement should be stayed in accordance with Illinois Supreme Court Rule 276. *See Colonial Bank & Trust Co. v. Cahill*, 424 F.Supp 1200, 1207 (N.D.Ill. 1976) (execution under such judgment would be stayed, on motion by defendant in harmony with Illinois law's recognition that judgment debtor in confession of judgment action is entitled to stay of execution pending resolution of defenses) (citations omitted).  Here, Plaintiff's counsel expressed a concern that if a stay is imposed, Krone might transfer assets.  But this concern stands in direct conflict the intent of Rule 276, which provides that the "original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court."  *See e.g., Colonial Bank &*

*Trust supra*.  In other words, Rule 276 addresses Plaintiff's concerns by providing that the judgment stands as security as opposed to being completely vacated pending a trial on the merits.

9.      Krone's right to a stay is governed by Illinois law, which provides that upon a *prima facie* showing of a defense, enforcement shall be stayed.  Similarly, where the motion presents a valid counterclaim – which Krone currently has pending in the Circuit Court of Cook County – the Court "may stay proceedings on the judgment by confession until the counterclaim is disposed of."  The Circuit Court of Cook County has already expressly granted Krone leave to file an amended complaint, which includes claims expressly predicated on the commercial guarantee at issue here, knowing that IAM and Arif would likely attempt to confess judgment.  With a court in Illinois already having decided to allow such claims, it makes sense for this Court to stay enforcement and allow the Circuit Court to resolve the defenses and counterclaims.[2]

WHEREFORE, for the reasons set forth above, Defendant SCOTT J. KRONE respectfully requests that this Honorable Court grant this motion and enter an order opening the judgment pursuant to Fed. R. Civ. P. 59(e) and Ill. S. Ct. R. 276, and staying any enforcement of the judgment or attempt to collect on it, and for such further and additional relief the Court deems just and appropriate.

Respectfully submitted,
SCOTT J. KRONE


 */s/ Patrick R. Moran*
One of his attorneys

---

[2] Krone will also be filing a motion to either stay or dismiss this action under the *Colorado River* abstention doctrine.  *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

John J. Rock, ARDC #6237980
Patrick R. Moran, ARDC #6272747
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000 (p)/(312) 494-1001 (f)
jrock@rfclaw.com
pmoran@rfclaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing document was served on all counsel of record via the Court's ECF/CM system on the date of filing.

*/s/ Patrick R. Moran*