# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SCOTT KRONE, et al.,<br>           Plaintiffs,<br><br>v.<br><br>FREEDOM BUILDINGS, LLC, et al.,<br>           Defendants. | No. 2018-CH-06885<br>Cons. w/ 18 CH 2032<br><br>Calendar 16<br><br>Judge David B. Atkins |

JUDGE DAVID B. ATKINS

MAR 12 2019

Circuit Court-1879

## EMERGENCY MOTION DENIED

THIS CASE COMING TO BE HEARD on Plaintiff's emergency motion for a temporary restraining order, the court, having considered the briefs submitted, the arguments of counsel, and being fully advised in the premises,

IT IS HEREBY ORDERED that the emergency motion is DENIED for the following reasons:

A. Plaintiff's submissions are technically deficient in one or more of the following ways:

    ___ Complaint is not verified pursuant to 735 ILCS 5/11-101;
    ___ Complaint is technically deficient or inadequate pursuant to section(s) 2-603, 2-604, and/or 2-606 of the Code of Civil Procedure, 735 ILCS 5/1-101 *et seq.*;
    ___ Affiant lacks personal knowledge of facts alleged in the affidavit, motion, and/or complaint;
    _X_ Requested relief is premised on unverified allegations or allegations made only on "information and belief;"
    ___ Inadequate foundation for exhibits attached to the motion;
    ___ Incomprehensible or illegible allegations and/or prayer for relief; and/or
    ___ Granting the motion would require the court to decide the merits of the case, weigh the evidence, decide contested issues of fact, and/or effectively grant the ultimate relief requested in the pleadings.

B. Plaintiff has failed to demonstrate one or more of the following elements of temporary injunctive relief:

    _X_ The necessity for immediate temporary injunctive relief to preserve the *status quo* pending a decision on the merits;
    ___ A clearly ascertained right in need of protection;
    _X_ A reasonable certainty of irreparable harm in the absence of immediate temporary injunctive relief;
    _X_ The lack of an adequate remedy at law for the injury alleged or expected; and/or
    ___ A likelihood of success on the merits of plaintiff's claims.

C. OTHER NOTES, REASONS, AND/OR EXPLANATIONS:

As an initial matter, the court finds the Motion fatally deficient in that it seeks relief against a non-party to this litigation (International Asset Management, LLC ["IAM"], which allegedly purchased the IBC loan Plaintiff Krone guaranteed), and Plaintiff concedes at oral argument that he is not prepared to file a complaint naming IAM *instanter*. Additionally, even if the court had jurisdiction to enter a TRO against IAM, the Motion does not disclose a sufficient basis for doing so. Plaintiff Krone argues that if IAM is allowed to proceed with its attempts to collect on the alleged

loan, he will suffer irreparable harm[1] in that his pending efforts to refinance relevant property will be stalled or otherwise injured. However, he admitted at argument that such refinancing efforts are likely to be delayed even *with* a TRO by virtue of the outstanding loan existing at all, especially considering the time required to conduct the expedited discovery and preliminary injunction hearing he requests. Krone has accordingly not demonstrated the necessity of injunctive relief or the danger of irreparable harm in its absence.

Further still, the only basis for granting such relief are unverified allegations premised on largely speculative conclusions that IAM's purchase of the loan is part of a conspiracy with Defendants to "financially ruin Krone." Such allegations are insufficient to support the extraordinary relief requested here. For these reasons, Plaintiff's Motion for a Temporary Restraining Order is DENIED. Finally, in the absence of a proposed amended complaint to review and in light of this Order, Plaintiff's Motion for Leave to Amend the Complaint is DENIED *without prejudice.*

JUDGE DAVID B. ATKINS
ENTERED:
MAR 12 2019
Circuit Court-1879

Judge David B. Atkins

The court.

---

[1] The court is further unpersuaded by Krone's argument that issuance of a monetary judgment against him would inherently constitute irreparable harm, especially where he would presumably have an opportunity to raise any defenses to that judgment where it was entered.