# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSET MANAGEMENT, LLC, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 19-cv-1912 |
| v. ) | |
| ) | |
| SCOTT J KRONE, ) | |
| ) | |
| *Defendant.* ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
## TO OPEN THE JUDGMENT BY CONFESSION AND STAY ENFORCEMENT

Jeffrey C. Blumenthal, Esq.
Terrie Sullivan, Esq.
**JEFFREY C. BLUMENTHAL CHARTERED**
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062
Phone: (847) 498-3220
Fax: (847) 498-3221
ARDC #3124049
jeffrey@jcblawyer.com
terrie@jcblawyer.com
*Attorneys for Plaintiff*

I.   **INTRODUCTION**

On its face, the language of Krone's Commercial Guaranty (the "Guaranty," Ex. A) bars the purported defenses asserted in Krone's Motion. As discussed in this Response, the Guaranty expressly provides that nearly all defenses and counterclaims are waived. Further, the bases for Krone's proposed defenses are all external to the Guaranty and the facts alleged by Krone occurred subsequent to its execution. Additionally, there was never any "release" of the other individuals signing Guaranties related to the Note and there is no restriction under the Guaranty, the Note or applicable law to prevent IAM from obtaining a Judgment by Confession against Krone, alone. Krone's remaining proposed defense premised on allegations that the amount is indefinite under the Guaranty and/or Note and therefore is unenforceable is unsupported by Illinois law because the amounts due can be ascertained based on the instrument. For these reasons, Krone has failed to raise the necessary *prima facie* defense or counterclaims required to open the judgment. Accordingly, Krone's Motion should be denied.[1]

II.  **ARGUMENT**

A.   **Applicable Legal Standards.**

Krone brings his Motion pursuant to Fed.R.Civ.P. 59[2] and Illinois Supreme Court Rule 276. Presuming Rule 276 is the proper legal framework for this Court to open a judgment by confession, then Krone's motion needs to "be supported by affidavit in the manner provided by Rule 191 for summary judgment and be accompanied by a verified answer which defendant proposes to file." Under Rule 276, if the defendant's motion and affidavit disclose a *prima facie* defense on the merits to the

---

[1] To the extent applicable, Plaintiff, Illinois Asset Management ("IAM"), incorporates by reference the Response IAM filed concurrently herewith in opposing Krone's Motion to Vacate the Judgment and Dismiss or Abstain.

[2] Krone's Motion does not address the applicability of Rule 59 in this context. Nevertheless, it has been held by some courts that "[i]t is clear that a motion to open a confessed judgment entered in federal court is governed procedurally by Rule 60(b)." *Strick-Lease, Inc. v Markeel Leasing Corp.* 1984 U.S.Dist. LEXIS 22481 at 3 (E.D. Pa. 1984) (citing *Girard Trust Bank v. Martin*, 557 F.2d 386, 389 (3rd Cir. 1977)). Further, "a defendant seeking to open a confessed judgment must proceed under Fed.R.Civ.P. 60(b) regardless of the procedure prescribed by state law for obtaining relief from a confessed judgment. *Id*.

1

plaintiff's claim, the court shall then set the motion for hearing. Significantly, Rule 276 places the burden on the defendant to make a "***clear*** showing that he has a defense and he must demonstrate the inherent justice of his contention by substantial facts" *Malone v. Marks* 55 Ill.App.3d 846, 849 (3rd Dist. 1977). Further, a failure to present a *prima facie* defense on the merits defeats defendant's right to have the judgment opened. *Turner v. Smiley*, 8 Ill.App.3d 388, 391 (1st Dist. 1972) (emphasis added). Establishing such a defense is crucial to opening a confession of judgment. *Melrose Finance Co. v. In Town Hotel, Inc.*, 57 Ill.App.3d 496 (1st Dist.1978)

Further, the facts on which the claim, counterclaim or defense is based "shall not consist of conclusions but of facts admissible into evidence..." *First Professional Leasing Co. v. Kearney*, 129 Ill. App.2d 101, 103 (4th Dist. 1970). Accordingly, Krone's Motion must make a "clear" showing that he has a meritorious defense based on admissible facts, which would support opening the judgment entered by this Court. However, here the "facts" asserted in Krone's Motion and accompanying documents do not provide a **clear** *prima facie* defense to the judgment on the Guaranty he signed or affect the broad-based contractual waivers contained therein.

Krone alleges numerous circumstances that he asserts as "facts" to support a meritorious defense. However, Krone's Motion does not properly address or meet the requirements of Rule 276 and his allegations obfuscate the proper analysis to open a judgment by confession. Krone alleges actions taken by co-owners of a LLC to which IAM is not a member and concocts a convoluted conspiracy theory that improperly attempts to impose a fiduciary duty on IAM in order to assert the invalidity of the Guaranty signed by Krone in connection with the Note (the "Note," attached as Exhibit B). The purported "facts" advanced by Krone are nothing more than conjecture and simply not relevant given the terms of the Guaranty and other relevant documents. Moreover, the circumstances described in Krone's allegations all occurred *subsequent* to the execution of the Guaranty and the Note. As such,

they would not meet the requisite evidentiary standard for facts to support a meritorious defense under Rule 276 in any event.

The affidavits required to support a meritorious defense under Rule 276 must meet the standards under Illinois Supreme Court Rule 191 for summary judgment motions. Illinois courts have held that allegations of "facts" which are really conclusions of law will not suffice and disqualifies the affidavit. *Rush v. Simon & Mazian, Inc.*, 159 Ill.App.3d 1081, 1085 (1st Dist. 2013). Krone does not attach an Affidavit to his Motion. Instead, he attaches a Declaration which attests that he has read the Third Amended Verified Complaint in the Illinois state case entitled *Krone v. Freedom Builders, et al.* (2018 CH 6885, consolidated with 2018 CH 2032) pending and his Motion in this case and states under oath that "the factual allegations made therein are true and correct to the best of my knowledge." However, the "facts" alleged in his Motion to support his alleged defenses contain numerous conclusions of law which purport to show the invalidity. Specifically, Krone asserts that other owners of Platform Bradley, LLC—the entity which owns the property for which the Note and related Guaranty were executed—conspired with IAM; yet the purported "facts" are nothing more than conclusions of law which should defeat their consideration. As stated in *Kearney*, *supra*, "there is nothing in either affidavit [here the "facts" attested to in Krone's Declaration] that suggests a meritorious defense to the whole or any part of the judgment." *Kearney*, 129 Ill.App.2d at 10.

Krone admits in his proposed Verified Answer to the Confession Complaint that he executed the Guaranty on June 22, 2016 (Dkt.# 17, Ex B, Krone's Answer, ¶8 ) It is undisputed that the Guaranty has not been canceled and that Krone, as a guarantor, has not performed the obligations of the Guaranty. Nor does Krone claim that there was any forgery or fraud in the inducement related to Krone's execution of the Guaranty. In fact, at the April 25, 2019 Hearing before this Court, Krone's

3

counsel acknowledged "it's not fraud in the inducement because—you're right. At the time he signed it, it's not fraud in the inducement." (Ex. C, Transcript, p. 10); Ex. C).

Most significantly, the Guaranty contains a clear waiver of defenses. On page two of the Guaranty under the Section entitled "Guarantor's Waivers", the document states in pertinent part that:

> "Guarantor also waives any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, *any rights or defenses arising by reason of...(F) any defenses given to guarantor at law or in equity, other than actual payment and performance of the indebtedness.*"
> and,
> ***"Guarantor further waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim***, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Borrower, Guarantor, or both."
> (See Ex. A) (emphasis added.)[3]

The purported "defenses" raised by Krone do not include actual payment or performance of the indebtedness. Consequently, because the instrument clearly limits the defenses Krone can raise to "payment or performance," Krone has waived the proposed defenses he seeks to raise in the Motion Therefore, Krone has failed to raise a *prima facie* meritorious defense. Likewise, Krone should be prevented from raising any counterclaim as he has not clearly demonstrated a meritorious defense which would support opening the judgment by confession, which is a precondition to raising a counterclaim. At the April 25 Hearing, Judge Lee noted "the mere fact that the defendant is asserting a counterclaim is not a basis to open the judgment under 276. The sole basis to open the judgment is – to get that process going is – whether or not Mr. Krone states a *prima facie* defense to the judgment" (Ex. C., p. 13, lines 10-14). And, in any event, the Guaranty expressly prevents Krone from asserting any claims of set off or counterclaim as a defense to the Guaranty. Accordingly, this Court should not permit Krone to raise any counterclaims given the Motion's failure to present a *prima facie* meritorious defense to open the judgment previously entered by this Court.

---

[3] All emphasis added unless otherwise noted.

Moreover, the circumstances alleged by Krone to purportedly merit a defense and/or support a counter-claim occurred <u>subsequent</u> to Krone's execution of the Guaranty. Conduct alleged to have occurred <u>after</u> execution of an instrument does not impact its validity. Here, the terms of the Guaranty are not negated by the purported facts which arose after its execution. This Court acknowledged at the April 25 Hearing that it was not making judgments on "whether or not Mr. Krone's colleagues actions were legal or illegal with regard to how they're seeking…to utilize the note. That's not before me. I'm just looking a the note and the confession of judgment." (Ex. C, p. 15, lines 2-7). Other courts have recognized that conduct after the execution does not affect the instrument's validity. "While Defendants present some factual allegations regarding the parties' conduct after the execution of the Notes…Defendants' allegations do not go to the integrity and validity of the Notes or the related debt." *See Telhio Credit Union, Inc. v. Nixon*, 2014 Ohio Misc. LEXIS 17017 at 11 (2014) (finding that none of the defendants' proffered defenses constituted a meritorious defense to a cognovits judgment). Krone, in casting irrelevant and after-the-fact circumstances, has not met the legal standard imposed by Rule 276 and, on this basis and as more fully explained below, his Motion should be denied.

**B.     None of Krone's Three Proposed *Prima Facie* Meritorious Defenses Warrant Opening The Confession of Judgment This Court Entered.**

**1.     Krone Fails to Clearly Raise a *Prima Facie* Meritorious Defense on the Basis of any "Unlawful Purpose"**

It is undisputed that IAM is the assignee of the Note and related Guaranty at issue. Further, it is uncontroverted Krone knowingly signed the Guaranty. In support of his Motion, Krone alleges certain defenses and alludes to counterclaims based on a number of grounds related to the Guaranty, as well as to the state case *Krone v. Freedom Builders, et al.,* pending in the Circuit Court of Cook County, Illinois. However, Krone's alleged grounds do not form a sufficient basis under Rule 276 to open the judgment by confession entered by this Court.

5

a. **Under Illinois Law, Krone's Guaranty Waived The Purported Defenses He Now Seeks To Raise To Challenge The Guaranty's Enforceability.**

Krone's Guaranty contains an unambiguous waiver of defenses. On Page 2 of the Guaranty, under the section entitled "GUARANTOR'S WAIVERS," there are a number of waivers, including "(F) **any defenses given to guarantors at law or in equity other than the actual payment and performance of the indebtedness.**" Further, under the section entitled "GUARANTOR'S UNDERSTANDING WITH RESPECT TO WAIVERS,' Krone acknowledged that he "warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy." As stated in *Bank of America, N.A. v. 108 N. State Retail LLC,* 401 Ill.App.3d 158, 172 (1st Dist. 2010):

> "[A] **decision by a party to contractually agree to waive all defenses is permitted under Illinois law**. See, *e.g., BA Mortgage & International Realty Corp. v. American National Bank and Trust Co. of Chicago* 706 F. Supp. 1364, 1376 (N.D. Ill. 1989)("[w]hen [waivers in a guaranty] are clear and unambiguous, Illinois courts consistently enforce them"); *Kolson v. Venbu*, 869 F.Supp. 1315 (N.D.Ill.1994) (holding that a clause in a guaranty agreement, whereby corporate guarantor waived all defenses, counterclaims and setoffs was enforceable); *Chemical Bank v. Paul*, 244 Ill. App.3d 772, 781 (1993) ("[g]uaranty agreements containing waivers of all defenses *** have been upheld as validly binding"). **Therefore, defendants were not precluded from entering an agreement waiving their defenses, and this court is not precluded from upholding it**."[4]

Here, it is clear that Krone, as guarantor, waived his proposed defenses and, for this reason alone, should be contractually prevented from raising any of the proposed defenses in his Motion to Open. The law in Illinois has long upheld the enforceability of broad-based waiver of defenses in a guaranty. Further, federal courts applying Illinois law have consistently enforced contractual waiver of defense

---

[4] *See also United Airlines, Inc. v. ALG, Inc*., 916 F. Supp. 793, 795 (N.D. Ill 1996), in which Judge Aspen notes "the unassailable proposition that under Illinois law, which both parties agree controls this diversity action, guarantee agreements are to be construed according to the general rules of contract law (citing *McLean Community Bank v. Brokaw*, 119 Ill. 2d 405, 408). Thus so long as the language of a guarantee is clear and unambiguous, courts will readily enforce its provisions, even those containing broad statements of guarantor liability. (*Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 577 (7th Cir. 1995)."

guarantees. For example, in *CCP Mustang Holdings, LLC v. Orand*, 2017 WL 3531491 (N.D. Ill. Aug. 17, 2017), a colleague of this Court acknowledged that "[u]nder Illinois law, *a party may waive in a guaranty his right to bring any defenses*," and in *Fife v. mPhase Techs, Inc.*, 2014 WL 7146212, at *30 (N.D. Ill. 2014), quoting the *Chemical Bank* case: "[g]uarantee agreements containing waivers of all defenses…have been upheld as validly binding."

Krone has never claimed he was coerced into agreeing to the waiver and he has contractually acknowledged in the Guaranty that he voluntarily agreed to the broad-based waivers. As noted in *CCP Mustang Holdings v. Orand*: "Defendants could have protected themselves against such an eventuality by refusing to accept the above Guaranty Waiver...if Defendants desired to have their options open to pursue potential defenses in the future they could have chosen not to agree to the waiver provision…[I]nstead they chose to sign the Guarantees with the Guaranty Waiver and enjoyed the benefit of the bargain." (*Id*.), 2017 WL 3531491 at *4. Krone cannot avoid the contractual waivers in his Guaranty to which he agreed by deflecting the issue to allegations of purported "misconduct." Krone's purported claims and defenses run afoul of the waiver provisions, to which he expressly agreed, and as a matter of law, are valid. They bar the proposed defenses. The waiver signed by Krone as part of the Guaranty prevents Krone from "clearly" demonstrating—as he must—a *prima facie* defense to enforcing his Guaranty. Since Krone has contractually waived any of the purported defenses he raises to his indisputably signed Guaranty, his proposed defenses based on alleged misconduct cannot defeat enforcement of this Court's judgment based on that Guaranty.

**b.      Krone's Alleged "Unlawful Scheme" Defense Does Not Pass Legal Muster.**

Krone alleges that Abdul Arif and IAM "obtained the commercial guarantee as part of an unlawful scheme involving Krone's co-managers to use leverage against Krone in order to force him out of the companies and his property rights in those companies." (Motion, pp. 1-2). However, this

7

defense is barred as a matter of law by Krone's contractual waiver in the Guaranty. The supposed "meritorious defense" and "affirmative counterclaims" asserted by Krone to support this "unlawful scheme" argument are purportedly based on his claims in the state court action but these alleged claims and defenses are **barred** by the Guaranty's broad-based waivers.

Moreover, the "Background Facts" set forth in Krone's Motion attempt to lay the groundwork for his purported claims. But significantly, these facts are subsequent to the execution of the Guaranty and Note and do not dispute that the Mortgagor under the Note was in default under its terms. Despite an array of allegations that there was a "scheme" to force him out of his ownership interest in the property securing the Note, Krone's purported basis for this simply does not amount to a *prima facie* defense to the previously executed and valid Guaranty. Krone claims a breach of fiduciary duty by the other LLC members and mangers who owned the property and attempts to boot-strap a theory of aiding and abetting this alleged breach of fiduciary duty by IAM and Arif, which Krone claims somehow constitutes an "unlawful purpose" supposedly establishing a meritorious defense to the judgment by confession. When this Court asked Krone's counsel about his defense at the April 25, 2019 hearing, he stated that "[t]his note was obtained by the attorney for Mr. Krone's business partners for the specific purpose of using it as leverage to force him out. We have a claim for aiding and abetting and breach of fiduciary duty against both Mr. Arif and Illinois Asset Management and also his business partners." (Ex. C, p. 7, line 23, p. 8, line 4.)

Krone's arguments are specious on numerous fronts. First, Krone's claim that "IAM and Arif obtained the commercial guarantee as part of an unlawful scheme" (Motion, pp. 1-2) is on its face impossible. The Guaranty was executed *before* IAM even existed. Second, Krone further alleges background facts related to a separate property owned by a separate entity. But whether members of

8

this separate entity allegedly failed or refused to agree to certain refinancing is wholly irrelevant to whether Krone's Guaranty is enforceable.

Third, Krone conflates the existence and obligation of fiduciary duties as they relate to IAM. After asserting that the other members of Platform Bradley, LLC owed fiduciary duties to Krone, the Motion states: "[t]here is also no question those duties were known to Freedom/Kumar, Shah/Subhask and Arif, and breached by them." (Motion, Page 12) Krone's claim that Arif breached a fiduciary duty to him is without merit. Arif was not, and is not alleged to be, a member of Platform Bradley, LLC. Further, the only Plaintiff and judgment creditor in this action is IAM, not Arif in his individual capacity.

Krone's Motion continues: "[t]hey obtained Krone's commercial guarantee for the unlawful purpose of forcing him out, contrary to the procedures set forth under the operating agreement and under Illinois law, dispossessing him of his ownership interests and acquiring the Bradley real estate at a significant discount…Then IAM went ahead and saddled Krone with a judgment for the entirety of the Bradley debt." (Motion, Page 12). First, these are assertions about other co-members of the entity who are not parties to this lawsuit. Second, given the clear language of the Guaranty and as further described herein, it was entirely permissible for the holder of the Note and Guaranty to obtain a judgment against any one of the guarantors. It simply cannot be construed as an unlawful purpose to establish a *prima facie* defense when the clear terms of the Guaranty were followed.

On Page 13 of his Motion, Krone erroneously claims that "[a]ll of these grounds demonstrate a *prima facie* defense to enforcement of the commercial guarantee on the grounds that Freedom/Kumar, Shah/Subhash and **IAM/Arif are using the commercial guarantee in a way that constitutes a beach of fiduciary duty to Krone** and other members of Bradley." Krone appears to contend that IAM owes Krone a fiduciary duty However, IAM owes no fiduciary duty to Krone and to imply otherwise is

9

misleading.[5] In Illinois, "as a matter of law, a fiduciary duty does not exist between a creditor and a guarantor." *Continental Bank, N.A. v. Modansky*, 129 B.R. 159, 163-64 (N.D. Ill. 1991); *Farmer City State Bank v. Guingrich*, 139 Ill.App.3d 416, 423 (4th Dist. 1985) (no fiduciary duty between a creditor and guarantor). Indeed, the "parties to a contract are not each other's fiduciaries." *Original Great Amer. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 280 (7th Cir. 1992). None of the "facts" alleged by Krone establishes any fiduciary duty of IAM to Krone. Accordingly, Krone's attempt to fabricate a breached fiduciary duty by IAM – where no fiduciary duty exists in the first instance – as the basis of "unlawful conduct" to defeat a judgment by confession on a clear, enforceable guaranty must be rejected.

As to Krone's aiding and abetting theory to defeat the guaranty, this theory fares no better. First, Krone cannot get around the enforceable defense waivers in his Guaranty by claiming a purported breach of fiduciary duty. A waiver of all defenses means just that – all defenses. Second, he has failed to plead facts that either Arif (who, at any rate is not a party to this lawsuit) or IAM had actual knowledge that the conduct of either of them in connection with Shah and Kumar was tortious at the time Arif and/or IAM is alleged to have been assisting them in the purported "unlawful scheme." Such knowledge at the time of the alleged conduct is required to state a claim and Krone has not presented facts to support this contention. *Wolf v. Liberis*, 151 Ill.App.3d 488, 496 (1st Dist. 1987). Further, Krone's alleged facts regarding Arif and his purportedly acting as "proxy" or the attorney for Shah and Kumar are irrelevant to the issues in the instant case. As a limited liability company, IAM could not be acting as the attorney and, nowhere is it alleged that IAM was acting as a representative or "proxy" for any third party.

Additionally, Krone's claim of an "unlawful purpose of selectively enforcing only Krone's commercial guarantee in order to force him out of the companies and disenfranchise him of his

---

[5] Likewise, Arif, although not a party to this federal action, owes no fiduciary duty to Krone either.

ownership under the threat of financial ruin" (Motion p.11) is barred by the Guaranty's express language. The Guaranty states: "If Lender presently holds one or more guaranties, or hereafter receives additional guaranties from Lender, Lenders rights under all guaranties shall be cumulative. This Guaranty shall not (unless specifically provided below to the contrary) affect or invalidate any other such guaranties. Guarantor's liability will be Guarantor's aggregate liability under the terms of this Guaranty and any such other unterminated guaranties." (Ex. A). Accordingly, Krone's Guaranty exists separate and apart from any other guaranty related to the Note and nothing prevented IAM from <u>solely</u> pursing Krone on the basis of his voluntarily executed and valid Guaranty. Under the explicit terms of the Guaranty, IAM is not required to simultaneously pursue any other guaranty related to the Note.

Krone further alleges that: "Then IAM went and saddled Krone with a judgment for the entirety of the Bradley debt." (Motion, p. 12). But, under the terms of the Guaranty, IAM was clearly authorized to obtain the judgment by confession solely against Krone. Krone is trying to concoct "unlawful conduct" claim from alleged, after-the fact circumstances while conflating the parties involved. This reflects why Krone's purported defenses are external to the execution of his valid Guaranty, warranting denial of his Motion.

Additionally, Krone's articulation of an "unlawful purpose" somehow defeating the right to obtain judgment is erroneous in its allegations of Plaintiff's motives. The motives are irrelevant given the legal right to obtain the judgment under the Guaranty.

2. **Krone's Purported Meritorious Defenses Based on "Grounds of Contribution" by Other Guarantors is Unfounded as a Matter of Illinois Law.**

Krone's Motion claims he has established a *prima facie* defenses to the enforcement of the Guaranty and Note on the "grounds of contribution." However, his reasoning is defective, as a matter of law, for multiple reasons.

11

**a.** As described *supra*, Krone has waived all defenses under the Guaranty other than the actual payment and performance of the indebtedness secured by the Note. A defense premised on "Grounds of Contribution" would clearly fall within this waiver based on the plain language of the Guaranty and should therefore be barred as a matter of law.

**b.** Krone additionally mistakenly assumes that other guarantors under the Guaranty and Note have been released, which is false. The Motion's citation of the *F.D.I.C v. O'Malley* case is inapposite—by the language of the ruling, the holding would not apply here. As Krone acknowledges, *F.D.I.C.* held that a "release of a co-guarantor releases the remaining guarantors of liability on the guaranty to the extent of the proportionate value of their respective lost rights of contribution against the released guarantor, absent a contrary agreement between the guarantor and the guarantee." *Id.*, 249 Ill. App.3d 340, 358 (1st Dist. 1994). The shortcomings of this argument are two-fold: IAM obtained judgment by confession under Krone's Guaranty, but has not specifically released any other guarantor under any other guaranty. Even assuming IAM had released any other Guarantor, a "contrary agreement between the guarantor and the guarantee" in fact exists as the language of the Guaranty clearly enables the guaranty to be enforced exclusively against one of the guarantors and not the others. The Guaranty provides, on the first page, that "[r]elease of any other guarantor or termination of any other guarantee of the indebtedness does <u>not</u> affect the liability of guarantor under this guarantee." (Ex. A). For similar reasons, Krone's reliance on *Harris v. Handmacher*, 185 Ill. App. 3d 1023 (1st Dist. 1989) is misplaced. Illinois courts have found, absent the intent of the parties to release a co-obligor, the release of one or more obligors will not release other obligors. *Porter v. Ford Motor Co.*, 96 Ill.2d 190, 193 (1983). The scope and effect of a release is determined by the intent of the parties to release an obligor and the language of the release. *Private Bank and Trust Co. v. EMS Investors, LLC*, 2015 IL App. (1st) 141689, ¶¶ 19-25, 29, 32. Here, IAM never released any other guarantor under the Note nor has Krone

submitted evidence contrariwise. Accordingly, it is untenable to assert that any alleged release of the guarantors or some sort of "grounds of contribution" supports a *prima facie* defense on the merits.

3. **Krone's Proposed Meritorious Defense that the Extent of Liability is not ascertainable from the Guaranty or Promissory Note is Unsupported by Illinois Law.**

Krone contends that "Plaintiff's own pleadings establishing the alleged damages can only be ascertained by going outside the instrument on which the confession is based, rendering the confession void." (Motion, p.15).

a. As with Krone's other arguments purporting to raise a "meritorious defense," his reasoning ignores the clear language of the waiver of defenses under the Guaranty. An assertion that the extent of liability is not ascertainable is not a defense that is based on the actual payment or performance of the indebtedness and, accordingly, it has been waived as grounds for challenging the obligations under the Guaranty and Note.

b. Krone's argument raises cases which held that the extent of liability under a personal guaranty must be ascertainable from the face of the instrument in order for a judgment to be confessed. However, the basis for the ruling in *Grundy County Nat. Bank v. Westfall*, 49 Ill. 2d 498 (1971) and *State National Bank v. Epsteen*, 59 Ill. App. 3d 233 (1978), cited by Krone can be distinguished with the present circumstances. In those cases the courts held the warrants of attorney before them invalid because the instrument containing the warrant of attorney guaranteed payments of "any and all indebtedness" presently due or which might become due in the future to the extent of $50,000 in Grundy and $120,000 in State. Thus, in neither case did the instrument state a liquidated sum for which the signatory was liable at the creation of the instrument. *See Ninow v. Loughnane*, 103 Ill. App. 3d 833, 838 (1st Dist. 1978).

Illinois courts considering this issue have further taken into account what can be determined based on the instrument establishing the payment obligation. In *Cole v. Davis*, 2016 IL App. (1st)

13

152716. The court stated that in "*Gundy*…the [instrument] provided no evidence of any liability whatsoever. Thus, the extent of liability could be established *only* by extrinsic evidence. In the case at bar, the extent of defendants' liability is *primarily* evidenced by the note itself, but requires extrinsic evidence for exact calculation of interest. In other words, the extent of defendants' liability is not calcuable *only* by evidence *de hors* the instrument." (*Id.* at 524). Similarly, in *Sears Bank & Trust Co. v. Scott,* 29 Ill. App. 3d 1002 (1975), a warrant of attorney to confess judgment on a lease obligation was upheld as valid because "there was a sum certain established at the creation of the instrument, and the warrant authorized entry of the defendant's appearance and judgment against him for that amount or any lesser amount which a court may find due." *Id.,* 29 Ill.App.3d at 1010. Krone inexplicably cites the *Ninow* case to support his argument of indefiniteness, but in there the issue of indefiniteness was reasoned on the same grounds as in the *Sears Bank* case. In *Ninow*, the court <u>rejected</u> the contention that the warrant of attorney was void because liability was unascertainable from the note's face and, instead, held that the note had established the total amount of the indebtedness and that the warrant of attorney was <u>not</u> legally insufficient for want of definiteness.

Such is the case in this matter—the amount due under the Note and the manner in which it would be calculated, is apparent on the face of the instrument and was a sum established at the creation of the instrument. (Dkt. #1, ¶ 20, pp. 4-5; Dkt. #1-5, 1-6). Defendant's liability is clearly explained and can be simply deduced by the accompanying calculation to arrive at an exact figure. (*Id.*)

As the *Cole* court stated, "[c]alculation of the amount owed under the note in the present case does not require an evidentiary hearing or judicial inquiry; plaintiff has demonstrated as much by attaching documents...that transparently show the simple calculation of the amount owed under the note." (See *Cole* at ¶ 35). The court in *Cole* acknowledged the practical considerations of calculations for a judgment by confession where a Note with an identifiable interest rate is involved. The instant

14

case clearly supports the same logic and accordingly any argument that the extent of liability is not ascertainable on the relevant documents should not be found to constitute a meritorious defense to support opening the judgment entered against Krone.

## **CONCLUSION**

Krone's motion to open the judgment by confession should be denied. The reason is straightforward: Krone fails to 'clearly' demonstrate, as he must, the existence of a *prima facie* meritorious defense to the enforceability by IAM to his personal guaranty. The broad based waivers in Krone's Guaranty that are enforceable under Illinois law and effectively bar Krone's hodge-podge of alleged misconduct which is alleged to have occurred <u>after</u> the Guaranty's execution. Nor did IAM owe Krone any fiduciary duty. There is no *prima facie* defense based on IAM's election to pursue only Krone under his guaranty, and not the co-guarantors, as well—the plain language of the guaranty forecloses this defense as a matter of law. And Krone's defense claiming that IAM "released" the other co-guarantors finds no factual support in the record because it never happened. And, even if it did, the language of the guaranty preserves IAM's right to pursue Krone alone. Finally, the amount due is not *de hors* the instrument; it can be readily calculated from the face of the instrument, thereby defeating Krone's final stab at a meritorious defense.

Since the record reflects that Krone has not 'clearly' shown that there is a *prima facie* meritorious defense to enforcement of his guaranty, his motion to open should be denied and the judgment entered by this Court against Krone should stand.

**May 8, 2019**　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　Plaintiff, Illinois Asset Management, LLC

　　　　　　　　　　　　　　　　　　　　By: /s/Jeffrey C. Blumenthal_____
　　　　　　　　　　　　　　　　　　　　One of Plaintiff's Counsel

15