**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS ASSET MANAGEMENT, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 19-cv-1912 |
| v. | ) | |
| | ) | |
| **SCOTT J KRONE**, | ) | |
| *Defendant.* | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO VACATE AND DISMISS OR ABSTAIN**

Jeffrey C. Blumenthal, Esq. (Attorney I.D. # 62740)
Terrie C. Sullivan, Esq.
**JEFFREY C. BLUMENTHAL CHARTERED**
2970 Maria Avenue, Suite #223
Northbrook, Illinois 60062
T: (847) 498-3220 – F: (847) 498-3221
Jeffrey@jcblawyer.com
Terrie@jcblawyer.com
Attorneys for Plaintiff

### I.    KRONE'S INTRODUCTION MISCASTS THE EVENTS HE DESCRIBES

Krone erroneously suggests this Court focused on IAM's "*motive*" in filing its Confession of Judgment Complaint in federal, rather than in the state, court action which Krone has brought against a multitude of parties on a multitude of claims. As this Court pointed out, "motive" is an irrelevant factor if a party, like IAM, has a contractual right to take the action in question.[1] (4/25/19 Tr. at pp 8-12, Ex. 1).[2]

Krone's attachment of the Circuit Court's Opinion denying Krone's Emergency TRO Motion is especially curious. (Ex. A to Krone's Abstention Memorandum). After detailing both fatal technical and substantive deficiencies in Krone's TRO Motion, the Circuit Court opined, on page 2 of it's Order, that Krone's "unverified allegations [are] premised *on largely speculative conclusions that IAM's purchase of the loan is part of a conspiracy to 'financially ruin Krone.'*" (emphasis added.)[3] This is hardly a ringing endorsement of the substance of Krone's claims or that Krone either had a "protectible interest" or a "likelihood of success on the merits."[4]

Krone's contention that his counsel suggested in an email that IAM bring its Confession of Judgment Complaint in the state court action, where Krone's counsel now advises this Court that Krone will be filing yet another amended complaint—a proposed Fifth Complaint[5]—misses the point. Krone is not entitled to dictate the forum *where* IAM brings its action, as long as the action comports with the permissible forum contained in the Guaranty—which in this case it indisputably does.   Krone's own forum shopping strategy is simple: force IAM to have its

---

[1] At one point in the April 25 hearing (Ex. 1, pp 19-20), the Court "wondered" whether IAM may have either been forum shopping—which it was not doing—or brought the action in federal court to obtain a quicker result [and not be bogged down in unrelated claims]—which *is* why the action was brought in the district court. It does not appear the Court attributed a "bad motive' to IAM or suggested "motive" was relevant to the inquiry before the Court.

[2] *See also, Tuf Racing Products, Inc v. American Suzuki Motor Corp,* 223 F. 3d 585, 589 (7th Cir. 2000) (A party's "motive for exercising [a contractual] right is irrelevant.").

[3] All emphasis is added unless otherwise noted.

[4] Contrary to the contention in point 1 on page 12 of Krone's Brief, Judge Atkins never "signaled his belief that Krone had made a showing of a likelihood of success on the merits."

[5] Krone states he intends to file a Fourth Amended Complaint (Krone Br. 10, n.4.)

confession claim heard in a case already bogged down with 16 Counts brought by Krone against 14 defendants in a fifty-one-page complaint. Krone, by insisting that any confession claim be filed in the matter he already had filed in state court, clearly wanted to ensure that he have more control over the speed or lack thereof by which any confession proceedings could be maintained against him, as opposed to the matter proceeding expeditiously in a federal forum. IAM was contractually entitled to choose a federal forum to avoid this pitfall.

## II.    THE KEY TIMELINE OF EVENTS INVOLING THE GUARANTY

On February 28, 2019, IAM purchased the Commercial Loan (Promissory Note, Ex. 2 and related Collateral) International Bank of Chicago ("IBC") extended to Platform Bradley, LLC ("Bradley LLC"). Krone unconditionally guaranteed the Commercial Loan[6] ("Krone Guaranty", Ex. 3). On March 1, 2019, a day after IAM purchased the Commercial Loan, IAM's counsel telephoned Krone's counsel to advise, *inter alia*, of IAM's Loan purchase, that the Loan was in default, and that IAM was intending to "call" Krone's Guaranty. In response, Krone's counsel requested IAM provide documentation reflecting IAM's purchase. Attached as Exhibit 4 is IAM's counsel's follow-up, March 7, 2019 Demand Letter[7], which provided the documentation Krone's counsel requested and informed Krone that IAM was prepared to proceed against him on his Guaranty through a confession of judgment. (Ex. 4).

Krone responded on March 11, 2019 with an Emergency TRO Motion to Bar Enforcement of Krone's Guaranty, to be heard the next day in the state case (Ex.5). Judge Atkins denied Krone's TRO Motion on March 12, 2019 (Ex. A to Krone's Memorandum).

---

[6] Certain items are redacted for confidentiality purposes in the Response and its Exhibits.
[7] Since Krone attached the March 7, 2019 letter, in unredacted form to his TRO Motion filed in state court, it is appropriate for IAM to attach that same letter as an exhibit here. Krone's contention at page 5 of his memorandum that the March 7th letter was sent in bad faith merely underscores his twisted reasoning. IAM had no obligation under the Guaranty to give Krone notice or make demand before proceeding against him. But IAM did so, anyway.

On March 18, 2019, Krone filed a Motion for Leave to File a Third Amended Complaint in the state case. On March 20, 2019, as it had previously informed Krone it would, IAM filed its Confession Complaint. IAM chose a federal forum. (Dkt. #1)). On March 22, 2019, IAM filed and noticed up for April 2nd, its Motion for Entry of a Judgment Order (Dkt. ## 8-11). IAM's Motion was set for April 2nd, instead of during the week beginning March 25, on account of this Court not sitting during that week.

On March 26, 2019, Judge Atkins entered an Order providing *inter alia* that Krone had to April 5, 2019 to file a Third Amended Complaint (Ex. C, Krone's Memo), which Third Amended Complaint was not filed until April 5th. Previously, on April 2, 2019, IAM presented its Motion for Entry of Judgment and, on that date, this Court entered the Judgment Order for $6,028,246.59 in favor of IAM and against Krone (Ex. 6). Thereafter, on April 5th, IAM served a Citation to Discover Assets, which was also served on Krone and his counsel. (Ex. 7). It was not until April 5th that Krone filed his actual Third Amended Complaint, which for the first time named IAM as a defendant (Ex. 8). A week later, Krone filed his Motion to Open the Judgment and Stay Enforcement (Dkt. ##17 & 18); IAM recorded the Judgment Order that day. (Ex. 9).

## III. ARGUMENT

### A. Principles For The Application of *Colorado River* Abstention[8]

Federal courts have "a virtually unflagging obligation' to exercise the jurisdiction conferred upon them by Congress." *AAR International, Inc. v. Nimelias Enterprises*, 250 F.3d

---

[8] Krone contends his motion is brought under Rules 12(b)(1), 60(b)(5) and (6). There is no issue of subject matter jurisdiction under Rule 12(b)(1). Krone admitted the existence of subject matter jurisdiction in his answer to IAM's complaint. (Dkt. #17, Ex. 2, ¶¶. 3-4). And, *Colorado River* abstention is not jurisdictional, but only prudential. *Thomas-Wise v. Nat'l City Mortg. Co*, 2015 WL 641770, at *2 (N.D. Ill. 2015). Neither Rules 60(b)(5) nor (6) applies. Rule 60(b)(5) provides three factual situations where the Rule could be invoked, but none has any remote application. Rule 60(b)(6) demands the movant demonstrate "extraordinary circumstances' for its application, not present here. *Provident Savings Bank v. Popovich*, 71 F. 3d 696,700 (7th Cir. 1995). While the Seventh Circuit has not addressed this issue, other federal courts have looked to Rule 60(b), in general, as the basis to open a judgment by confession. *See, e.g., RTC v. Forest Grove, Inc.,* 33 F. 3d 284, 288 (3d Cir. 1994).

510, 517 (7th Cir. 2001) (*quoting Colorado River*, 424 U.S. at 817)). Only under very "limited" and "exceptional" circumstances, may a federal court stay where there is an ongoing state court parallel suit. *Colorado River*, 424 U.S. at 818. Federal courts "cannot lightly abjure its responsibility to assert jurisdiction." *Lumen Construction, Inc.* v. *Bryant Construction Company*, 780 F.2d 691, 694 (7th Cir. 1985). "[I]f there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *AAR Int'l*, 250 F. 3d at 518. Indeed, that a state court action is pending does not bar federal proceeding concerning the same matter. *Huon v. Johnson & Bell, Ltd.*, 657 F. 3d 641, 645 (7th Cir. 2011). Rather, only the "clearest of justifications' warrant surrendering federal jurisdiction in the interests of conserving judicial resources and comprehensively disposing of litigation." *Colorado River*, 424 U.S. at 817.

*Colorado River* involves a two-step inquiry: first, determining whether the state and federal actions are, in fact, parallel with the meaning of that doctrine; and second, even if parallel, examining a ten-factor list for determining whether "exceptional circumstances" justify abstention. *See Adkins v VIM Recycling, Inc.*, 644 F. 3d 483, 498 (7th Cir. 2011).

**B. Krone's Federal Litigation Conduct Should Be Deemed A Waiver of *Colorado River* Because He Repeatedly Has Asked This Court To Rule On And Grant His Motion To Open Or Vacate The Judgment By Confession.**

A threshold issue exists as to whether Krone's litigation conduct before this Court waived invocation of *Colorado River* abstention. This abstention doctrine, not being jurisdictional, is waivable by a party's conduct. *Barichello v. McDonald,* 98 F.3d 948, 955 (7th Cir. 1996); *Thomas-Wise v. Nat'l City Mortg. Co.,* 2015 WL 641770, at *2. While a court may *sua sponte* raise abstention, the Seventh Circuit has recognized waiver may nonetheless be found where, as

here, the proponent of abstention has expressly urged the federal court to address the merits. *Barichello,* 98 F. 3d at 955. This Court has cited *Thomas-Wise* with approval in noting that *Colorado River* abstention may be waived. *Houston v. AIMCO,* 2019 WL1077125, at *2.

Krone sought to invoke this Court's federal jurisdiction when, on April 12, 2019, he filed his motion to open the judgment by confession (Dkt. #17). Nowhere in his lengthy motion did Krone reference that this Court immediately abstain from conducting further proceedings in connection with IAM's judgment by confession in favor of the state court proceeding. Krone did not seek to invoke *Colorado River* abstention. Instead, Krone demanded this Court open this Court's April 5, 2019 judgment by confession against him and stay any further execution by this Court on that judgment. (*Id.*) Krone's Motion to Open urged this Court to find, in applying Illinois law, that he had successfully set forth meritorious defenses to the judgment by confession, as required by Illinois Supreme Court Rule 276, as the predicate for opening the confession judgment. Krone sought relief on the merits in its Motion to Open requesting this Court "enter an order opening the judgment pursuant to Fed. R .Civ. P. 59(e) and Ill. S .Ct. R. 276 and staying enforcement of the judgment or attempt to collect on it…."(*Id.* ,p. 15). Only in a single line footnote in that Motion did Krone indicate that he might "move to *remand* this case to the State Court Lawsuit." (*Id.*, at p.3 n.4.) Of course, remand is totally inappropriate.

When presenting his Motion to Open the Judgment by Confession on April 17, 2019, Krone never sought to have this Court abstain from further proceeding on his Motion (4/17/19 Transcript of Proceedings, Ex.10). Rather, this Court set a briefing schedule to have the merits of that Motion decided by this federal forum (Dkt. # 21). At no time on that date did Krone ask this Court to abstain from adjudicating his Motion to Open; instead, Krone wanted this Court alone to decide the merits of his Motion to Open and rule that the judgment be open under Rule 276. In

short, Krone wanted a federal court to rule on and decide the merits of his Motion to Open, notwithstanding the Court's comment as to whether the Court "should abstain with regard to this case in light of the underlying dispute." (Ex. 10. p.3)     Krone's confirmed that he wanted a federal court to immediately decide the merits of his Motion to Open the confession judgment—and, in doing so, even went so far as absurdly attempting to prevent IAM from the opportunity to respond.(Krone's Motion for Reconsideration, Dkt..#21). Nowhere in his reconsideration motion did Krone ask this Court to abstain from conducting any further proceedings in connection with IAM's confession judgment.  Quite the contrary, Krone's own representations to this Court in its reconsideration motion to have a *federal* forum decide the merits of his Motion to Open once again could not have been clearer: requesting that "*this Honorable Court grant this motion and enter an order opening the judgment pursuant to Fed.R.Civ. P. 59(e) and Ill. S.Ct.R. 276 and staying any enforcement of the judgment or attempt to collect on it*…." (*Id*, p. 5.) Krone's only reference to *Colorado River* in his reconsideration motion was once again in a one-line footnote, indicating that he intended to sometime file a motion to abstain. (*Id* at p. 5 n.2.)

Krone presented his reconsideration motion on April 25, 2019. The motion was argued and IAM was given the opportunity to respond to the Motion to Open.  At no time prior to the hearing did Krone file the promised *Colorado River* motion. Rather, it was only after this Court referenced the potential abstention issue and ordered briefing on the abstention issue that is now before this Court. At no time at the April 25th hearing, did Krone ask this Court to refrain from deciding his motion to open; rather, briefing on the merits of that motion has proceeded. (Ex. 1).

On May 1, 2019, Krone filed the court-requested motion to abstain under *Colorado River*. But, once again, Krone was not content with just asking this Court to refrain from taking any further steps in connection with the federal action in favor of letting the state court make the

6

ultimate merits decision on whether to open or vacate the judgment, as abstention would have otherwise dictated. Rather Krone insisted this Court exercise its federal jurisdictional powers and "*vacate the judgment*" entered previously by this Court. (Krone's Abstention Memorandum, pp 1, 3, 15). Indeed, the very caption of his Motion seeks to vacate the judgment. The only way this Court's judgment can be 'vacated' or, more correctly 'opened' under Illinois substantive law, is for this Court to rule on the merits of Krone's pending motion to open that judgment.

Even if it could be interpreted that this Court, in essence, instructed Krone to file the abstention motion, the fact is, Krone continued urging this Court to rule on the merits of his Rule Motion to Open the Judgment and vacate it—now. Krone should not be permitted to, on the one hand, ask this Court to abstain in favor of the state court proceeding, while, at the same time, insist this Court exercise federal jurisdiction to "vacate" the federal judgment entered on April 5.

Accordingly, waiver should be found and *Colorado River* abstention denied.

**C. Even If Krone Did Not Waive Abstention, This Court Should Deny His Motion**.

    **1. The Federal Confession Action Between Only IAM and Krone Is Not Parallel To the Fifty-One Page And Sixteen-Count State Action That Involves 14 Parties**.

The two matters are not parallel for abstention purposes. The federal action involves just two parties: IAM and Krone. The federal court issue involves just a single, straightforward count: seeking to enforce Krone's personal guaranty, which he indisputably signed, through his agreement to allow the confession of judgment method of enforcement on account of the promissory note default on the part of Bradley. IAM filed its one-count federal complaint on March 20, 2019. Final Judgment on that Complaint was entered on April 5 (Ex.6).

The state court action involves far more in terms of claims and parties than this single count action. Nothing in the state court action has a specific claim for the confession of judgment. Krone has asserted 16 counts and named 14 party defendants to his third amended complaint.

Arif was not even served as a party defendant to Krone's multi-party and multi-count complaint until August 23, 2018. Likewise, IAM was not named as a party defendant until March 18, 2019 and was not served with process until late April 2019. Krone has alleged five counts against IAM and Arif: only one of which has any relevance to the confession matter (Count XII, declaratory and injunctive relief). Krone's complaint also contains theories and causes of action against numerous other parties wholly unrelated to the confession of judgment proceeding. During the April 25 hearing, this Court repeatedly queried how the claims Krone is pursuing in the state court against IAM and Arif were legally related to potential defenses to the federal confession matter, undermining the parallelism of the state and federal actions. (Ex. 1, pp. 8-14).

The claims raised by Krone against one or more of the 14 named defendants cover a huge range, from tortious interference, civil conspiracy, aiding and abetting, breach of fiduciary duty, breach of contract, constructive fraud, defamation, derivative claims brought on behalf of two LLC's, claims under the LLC Act, contribution and false light. In fact, of the 14 counts, only one count even involves the guaranty at issue. The remainder of the claims and counts have nothing to do with the guaranty. And there, Krone seeks a declaration that his guaranty is unenforceable and wants to have the state court enjoin IAM and Arif from proceeding any further to enforce that guaranty—which means Krone wants to bar this Court from taking any further action on its judgment. That is impermissible. *General Atomic Co. v. Felter*, 434 U.S. 12, 15(1977) (state courts lack the power to bar litigants from filing or prosecuting actions in federal court). To further complicate matters, the one count involving the guaranty in the state action involves no less than 4 other parties that are not named in this litigation. While identity of parties need not be perfect, here it is not merely a question of the presence of additional parties in the state court action, but of there being completely different parties and claims in that matter. What's more, the

8

state action includes parties who share no significant relationship with IAM and its claim under the confession against Krone. When the overlap of this limited federal confessions case is measured against the multi-count and multi-party state action brought by Krone, it is minimal in both substance and scope. That circumstance should militate against a finding of parallelism.[9]

Krone further contends this Court's judgment "is entirely dependent on the results" of the state court action. (Krone's Br. 8). Not so. In fact, the converse may be more likely: if this Court were to deny the motion to open, there would be nothing to declare in Count XII of Krone's state claim against IAM—because this Court will have already ruled. This Court's judgment cannot be cavalierly disregarded by a state court proceeding. Here, the parties are currently briefing the merits of whether that judgment should be opened. If the motion to open were to be denied by this Court, the judgment thereby remains final and the case concluded. This Court's ruling cannot be collaterally reversed or vacated by the state court proceeding. Thus, if Krone's motion to open were to be denied, the state court could not subsequently reach a contrary conclusion and find that same guaranty between the same parties now to be 'unenforceable' in Krone's declaratory judgment claim. The very enforceability of that guaranty is now being litigated before this Court in connection with Krone's motion to open, where he urges this Court to find that guaranty unenforceable. (Dkt. # 17). Thus, Krone incorrectly maintains that the validity of this Court's judgment is dependent on a state court judge's ruling.

Nor can the state court matter currently dispose of IAM's confession of judgment, which judgment this Court has already entered. While formal symmetry between this and the state court actions is not dispositive, there still is the requirement that the state court litigation "will dispose of *all claims presented in the federal case*." *Lumen Constr., Inc.,* 780 F.2d at 695. It is unclear that currently can happen. In the state court matter, IAM obviously has no claim for a

---

[9] Krone tells this Court he is seeking leave to amend the state court complaint to add yet *another* claim.

confession of judgment, as IAM already sought and obtained that form of relief here. Only one count of Krone's 16-count pleading is directly related to IAM's federal action (Count XII), which count seeks to declare Krone's guaranty unenforceable.

But the enforceability of Krone's guaranty is one of the central issues in connection with Krone's motion to open. At the April 25th hearing, this Court addressed and challenged Krone on the propriety of the proposed defenses sought to be raised by Krone to open the judgment, and whether those proposed defenses were appropriate in seeking to open that judgment. (Ex. 1, pp. 8-14). This Court queried Krone why the proposed defenses to the confession, which essentially mirror the claims raised in the state court action, had anything to do with the confessed judgment, as opposed to being claims Krone could assert in the state court action. (*Id*). This Court's challenges cast significant doubt whether Krone's proposed defenses, even if arguably relevant in the state court action, are not so in this limited proceeding. (*Id*). To abstain would be unfair to IAM given that Krone has affirmatively sought to have *this Court* rule on whether the confessed judgment is to be opened or not.

Even if this Court were now to abstain, the federal judgment it entered remains intact. That judgment cannot be opened unless this Court rules on the merits of Krone's pending motion. Thus, as a practical matter, it appears that in order to potentially remove the existing judgment, this Court would have to decide the merits of Krone's Motion. But that defeats the very notion of abstaining in the first place. Nor is there a current counterpart in the state court matter to the federal court judgment by confession, given that IAM proceeded before this Court to obtain that judgment. It is unclear how the state court proceedings would "dispose of all claims presented in the federal court" in connection with the guaranty already having a pending federal judgment with an abstention order. That circumstance militates against abstaining. *Adkins*

10

*v. VIM Recycling, Inc.,* 644 F.3d 483, 499 (7th Cir. 2011) (doubts concerning parallel nature of the state suit are to be resolved in favor of exercising jurisdiction). Because this limited confession matter is not parallel to Krone's sprawling state court action, abstention should be denied.

2.      **The Factors Whether *Colorado River* Abstention Is Warranted**. Even if the federal and state actions are deemed parallel, certain factors still need be examined to determine whether exceptional circumstances are present for entry of a stay.  And because abstention is the exception rather than the rule, the existence of absent or neutral factors weigh *against* a stay. *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 648 (7th Cir. 2011).

**State Assumption Of Jurisdiction Over Property.** Krone contends the state court "clearly has jurisdiction over the property at issue in this case…" (Br. 11) That is incorrect.  This is an action on a personal guaranty and a judgment has been entered on it. No Illinois court has assumed jurisdiction over property involving the confession matter. Krone's counsel conceded that "They're [IAM or Arif] not trying to seize the property, the real estate at issue. They haven't tried to foreclose on it."  (Ex 1, p. 8). Therefore, this factor weighs against abstention.

**Inconvenience of the Federal Forum**. Krone concedes this factor does not favor abstention as both actions are pending in Chicago (Br. 12). This factor, therefore, weighs against abstention.

**Avoiding Piecemeal Litigation.** The risk of piecemeal litigation would be substantially minimized if this court were to maintain jurisdiction and not stay. First, this Court has already ruled and entered a confession judgment against Krone. Second, this Court will also be ruling on Krone's motion to open that judgment. If this Court were to deny Krone's motion to open, the federal case would effectively be over, with the exception of further post judgment proceedings. There can be no piecemeal litigation on the guaranty because this Court would have ruled on the

merits of whether the confessed judgment could be opened. In that case, there is nothing further the state court can do to disturb that ruling through Krone's pending declaratory and injunctive claims based on that guaranty. Indeed, denying Krone's motion to open necessarily subsumes the determination that the guaranty is *enforceable*. Consequently, Krone would be barred from re-litigating that issue in the state court through res judicata or collateral estoppel. As a result, there would be no recurrent litigation over the same matters involving the guaranty.

Conversely, if the motion to open were granted, and abstention ordered, that will result in there having been a waste of both judicial and party resources. Judicially, this Court is already familiar with the matter; it will have already ruled on substantive issues involving the confession, Krone's guaranty and its enforceability. Remitting the parties to the state court on the confession claim might potentially require that further pleadings be filed to start the entire confession process afresh. That is because there is no current confession claim pled in the state court matter—that matter having previously been filed before this Court. Thus, at most this should be considered a neutral factor, which weighs against abstention. *Placek v. U.S. Bank, N.A.,* 2018 WL 1397428, at *5 (N.D. Ill. March 20, 2018).

**Order In Which Jurisdiction Was Obtained**. Krone contends this factor "strongly favors abstention" because the state action was "filed ten months before the federal suit" is specious at best and facially misleading. (Br. 12). While perhaps technically true, the fact is that Krone never filed his complaint against IAM *until April 5, 2019.* And it was only after IAM's counsel informed Krone's counsel on March 1, 2019, that IAM purchased the Bradley Note and intended to enforce the guaranty's confession of judgment clause if the matter could not be resolved, IAM filed its federal action to confess that judgment against Krone on March 20, 2019. Given the extraordinary closeness in dates as to when (i) Krone first named IAM as a proposed defendant

12

in the state court action in mid-March 2019 and the fact that (ii) IAM filed its federal confession complaint on March 20, 2019 as well, this factor does not favor abstention. Or, at most it is neutral, and therefore weighs against abstention.

**The Source of Governing Law.** There appears to be no dispute that Illinois substantive law governs the outcome of the matter before this Court. This factor favors abstention.

**Adequacy of State Action to Protect Federal Plaintiff's Right.** This factor should weigh against abstention; or alternatively, be considered neutral for the reasons set forth in the section dealing with avoiding piecemeal litigation. There is no principled reason confining IAM to only confess judgment in a state, as opposed to a federal, court. Nothing in the guaranty limits the forum for filing the confession against Krone, other than it being in Cook County. IAM chose a federal forum because it was contractually entitled to do so, and, as this Court mused, was nothing more than an effort by a creditor "just to try to kind of speed things along." (Ex. 1, p. 19). *Placek,* 2018 WL 1397428, at *7 (denying abstention where federal court could "take steps to bring the parties' overarching dispute to as speedy a conclusion as possible without unduly interfering with litigation in the state court.").

**Relative Progress of State and Federal Proceedings.** Krone states the state court action "has been going on for almost one year" (Br. 13). But Krone fails to inform this Court he only recently added IAM. Neither Arif nor IAM (nor any other party for that matter) has answered Krone's Third Amended Complaint. Arif first moved to dismiss the second amended complaint against him on January 10, 2019. Krone responded with filing the third amended complaint against Arif and IAM on April 5, 2019. Both intend to file motions to dismiss when due later in May. The state court action has hardly progressed against Arif or IAM (nor with respect to any other party) sufficient to warrant abstention. This Court has already entered a judgment against

Krone on the guaranty and is currently set to rule on the motion to open that judgment. This Court is far more familiar with the confession claim and purported defenses sought to be raised by Krone than the state court judge, who has hardly addressed the confession related matters other than on an emergency basis in Krone's failed TRO motion. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 702 (7th Cir. 1992). This factor weighs against abstention.

**Presence or Absence of Concurrent Jurisdiction**. While it is true that IAM's confession claim arises under Illinois law, the presence or absence of concurrent jurisdiction should not be given much weight because concurrent jurisdiction exists virtually in every federal lawsuit based on diversity. Consequently, that factor should not rise to the level of demonstrating the presence of 'exceptional circumstances' warranting abstention.

**Availability of Removal.** Because Krone is an Illinois citizen, he could not remove to federal court. This factor weighs in favor of abstention.

**The Vexatious or contrived Nature of the Federal Claim.** Krone speciously contends IAM filed the confession action vexatiously, as improper 'forum shopping.' (Br. 14). First, as this Court pointed out at the April 25th hearing in questioning Krone's counsel, there is no dispute Krone executed the guaranty; nor has Krone raised any claim of being fraudulently induced to have signed the guaranty (Ex. 1). Second, Krone has not raised any purported defenses that he, in fact, paid or otherwise performed under the guaranty, having so represented that fact to this Court (*Id*, p. 12). Nor do any of Krone's proposed meritorious defenses so state. Third, it is undisputed Krone's guaranty did not preclude IAM from filing suit in *either* federal or state court in Cook County. Fourth, this Court noted at the April 25th hearing that any alleged bad

'motive' on the part of IAM in enforcing the guaranty solely against Krone was not relevant, at least as to the confessed judgment on the guaranty. (Ex. 1, pp. 8-12). As this Court aptly stated: "So, I guess the—it really goes down to *why does motive matter in this case—in this limited case*? Not in your case, not in the fiduciary duty case, not in all the other stuff; but, with regard to this particular confession of judgment." (*Id*, p.9). As this Court noted, Krone's alleged damage claims might be available in the state court proceeding for breach of fiduciary duty, but had virtually nothing to do with the confession case. (*Id*. p. 10) Thus, Krone's argument of IAM vexatiously filing was seriously questioned, if not in effect rejected, by this Court. (*Id*, pp. 8-12).

In short, IAM had a good faith basis to pursue its legal rights against Krone in a federal forum. This factor weighs against abstention. *Sterling Fed. Bank F.S.B. v. Countrywide Fin. Corp.,* No. 11-CV-2012, 2012 WL 2368821, at *16 (N.D. Ill. June 21, 2012).

**Balancing Of The Factors Weighs Against Abstention.** Even apart from having waived the doctrine, only two factors, ability to remove and source of the law, support abstention. The remaining eight factors weigh either against abstention, or are neutral, which are to count against abstention. Since the balance is to be "heavily weighted *in favor of* the exercise of jurisdiction" (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)), Krone has failed to demonstrate that extraordinary circumstances exist justifying abstention.

Dated: May 8, 2019                         Respectfully submitted,
/s/ Jeffrey C. Blumenthal

Jeffrey C. Blumenthal, Esq. (ARDC #3124049)
Terrie C. Sullivan, Esq. (ARDC #6328788)
**JEFFREY C. BLUMENTHAL CHARTERED**
2970 Maria Avenue, Suite #223
Northbrook, Illinois 60062
T: (847) 498-3220 – F: (847) 498-3221
Jeffrey@jcblawyer.com
Terrie@jcblawyer.com
*Attorneys for Plaintiff*