1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
2                       EASTERN DIVISION

3
ILLINOIS ASSET MANAGEMENT, LLC, ) Docket No. 19 C 1912
4                                )
                      Plaintiff,)
5                                )
            vs.                  )
6                                )
SCOTT J. KRONE,                  ) Chicago, Illinois
7                                ) April 25, 2019
                     Defendant.) 11:00 o'clock a.m.
8

9             TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE JOHN Z. LEE
10

11   APPEARANCES:

12
For the Plaintiff:          LAW OFFICE OF JEFFREY C. BLUMENTHAL
13                          BY:  MR. JEFFREY C. BLUMENTHAL
                                 MS. TERRIE SULLIVAN
14                          2970 Maria Avenue, Suite 223
                            Northbrook, Illinois  60062
15

16   For the Defendant:     ROCK, FUSCO & CONNELLY, LLC
                            BY:  MR. PATRICK R. MORAN
17                          321 North Clark Street, Suite 2200
                            Chicago, Illinois  60654
18

19   Court Reporter:        MR. JOSEPH RICKHOFF
                            Official Court Reporter
20                          219 S. Dearborn St., Suite 1232
                            Chicago, Illinois  60604
21                          (312) 435-5562

22          *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

23                    PROCEEDINGS RECORDED BY
24                   MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED BY COMPUTER
25

PLAINTIFF'S
EXHIBIT

ALL-STATE LEGAL SUPPLY CO.

```
1          THE CLERK:  19 CV 1912, Illinois Asset Management vs.
2     Krone.
3          MR. MORAN:  Good morning, Judge, Pat Moran for the
4     defendant.
5          MR. BLUMENTHAL:  Jeff Blumenthal for the plaintiff.
6          MS. SULLIVAN:  Terrie Sullivan for the plaintiff.
7          MR. BLUMENTHAL:  Judge, I want to first thank
8     counsel, and thank your Honor mostly, for changing the time,
9     so that we could appear before Judge Brennan this morning.
10         THE COURT:  It's no problem at all.
11         So, this is defendant's motion, basically, for me to
12    reconsider.  And, basically, defendant's argument is that they
13    believe -- defendant believes that he has established a prima
14    facie defense to the confession of judgment.  And, so,
15    defendant, basically, believes that what I am directed to do
16    by the Illinois Supreme Court rule is to stay the effective
17    date of the judgment or enforcement of the judgment, and to
18    set this case for hearing, at which point I have to determine
19    whether or not I should proceed to trial.
20         I mean, that's basically defendant's position, right?
21         MR. MORAN:  With one caveat, Judge.
22         I think the next step after that would be us filing a
23    motion to send this case back to the Daley Center under
24    Colorado River abstention doctrine.  I'm not entirely clear
25    whether that should be done -- I mean, I know that has to be
```

1   done. So, I mean, that would be the next step.

2         MR. BLUMENTHAL: Well, it has to be done if the Court

3   rules your way.

4         THE COURT: All right. So, let me hear from the

5   plaintiff with regard to the motion.

6         MR. BLUMENTHAL: Okay. A couple things, Judge, just

7   as a prefatory comment. We were served with this motion at

8   8:30 on Monday night. So, we haven't had a time to really

9   investigate the claims as we would like to do. But,

10   initially, I have three points to make today.

11         First, we have a right to respond to defendant's

12   motion to reconsider in writing. None of the cases cited by

13   Krone, including the Bruno case, bar plaintiffs from raising

14   arguments as to why a defendant should be precluded from

15   opening a judgment. And, so, we would like -- we'd like 15

16   days in order to look at the issue and address it and file a

17   response to it.

18         We have some other points for today, as well, which

19   is: First, I think Krone's motion may be based on an

20   incorrect procedural standard. Krone contends, based on FDIC

21   vs. Bruno, a case decided by Judge Aspen where the standard

22   was not put into dispute, that Illinois Supreme Court Rule

23   276 -- which is an Illinois procedural rule -- sets the

24   standard for whether this federal judgment should be opened.

25         I don't think Illinois Supreme Court Rule 276 is

1    necessarily controlling.  I think Federal Rule of Civil

2    Procedure 60(b) or Rule 59 may be applicable and may control.

3    I would like time to look at the cases and raise that for your

4    Honor in a more detailed fashion.

5            However, even if -- like I said, I don't think Rule

6    276 applies; but, even if it did, I don't think Krone has

7    established a prima facie case for opening the judgment.

8    Illinois case law requires a clear showing of a prima facie

9    case.  Here, while Krone doesn't attach his guarantee to

10   either his motion for reconsideration or his motion to open

11   judgment, Krone does admit in his verified -- in a verified

12   pleading that he signed the commercial guarantee on which the

13   confession of judgment was based.

14           On Page 2, in the middle of the page, of Krone's

15   guarantee, the guarantee provides that:  "Guarantee waives any

16   defenses given to guarantor at law or in equity, other than

17   actual payment and performance of the indebtedness."

18           Illinois cases enforce such a guarantee -- excuse me,

19   such a waiver in a guarantee.

20           Krone has waived the defenses he seeks to raise.

21   He's not raising payment.  He's not raising performance.

22   There are other things in this guarantee that preclude

23   defenses.

24           One of Krone's mistaken contentions is that we have

25   released the other guarantors.  We have not released the other

1  guarantors.  However, if I had -- if the client had -- we
2  could still pursue under this guarantee.

3         The guarantee provides on the first page, I think
4  it's the fifth paragraph, "Release of any other guarantor or
5  termination of any other guarantee of the indebtedness does
6  not affect the liability of guarantor under this guarantee."

7         So, I don't think that issue matters.

8         There was some other defenses raised.  One of the
9  defenses just, with all due respect, is very attenuated and, I
10  think, is completely incorrect.  It's a defense that says
11  somehow the lender here has become a fiduciary; is in the
12  position of one of the either managers or members of the LLC.
13  And that's just not true and I don't think has any support in
14  Illinois law.

15         But I don't think we have to get there.  I think --
16  as I said, I think the guarantee here waives that defense and
17  we don't have to get to it anyway.  But it's clearly not an
18  established defense.

19         Off the top of my head, I don't remember if there's
20  anything else -- they raised one other thing.  They claim that
21  we can't enforce the note because it's not for a specific sum.
22  I believe that Judge Shadur rejected that in Bearcat, but I
23  have to look at it.

24         As I said, I was in court yesterday.  I was in court
25  Tuesday.  I just haven't had a chance to sit down and write

1    something for your Honor.  But we would like that.

2          We think what might make sense, with his Honor's

3    permission, we have two weeks left on the old briefing

4    schedule -- on the briefing schedule the Court had set last

5    time we were here.  I'd like to use that two weeks to address

6    the arguments raised in this motion for reconsideration, if

7    the Court permits.

8          MR. MORAN:  May I, Judge?

9          THE COURT:  Yes, go ahead.

10          MR. MORAN:  All right.

11          I guess, to start with, Judge, whether Rule 276 is

12    the appropriate rule to govern this, I think the federal case

13    that was cited and decided by Judge Aspen relied on Rule 276.

14    I mean, there's already a precedent out there for a federal

15    court to look to Rule 276.  It is the authority under which

16    counsel was able to come in and get the confession of

17    judgment.

18          So --

19          MR. BLUMENTHAL:  No, it wasn't.

20          MR. MORAN:  -- there's really no other basis in

21    federal law to get this judgment.  It wasn't a substantive

22    hearing on the merits.  It was just a confession based on what

23    is allowed under Illinois law; and, Illinois law, therefore,

24    governs.  I think, in that respect, Judge, we're looking to

25    Rule 276.

1    As far as the right to respond, what I think counsel

2  is getting to is he wants to make arguments that go to the

3  merits of the defense.  And that is something that the rule

4  specifically indicates that, once a prima facie defense has

5  been raised and also a counterclaim, Judge -- not just a

6  defense, but also a counterclaim -- that the appropriate next

7  step is to open the judgment and have a trial on the merits.

8    And, as I've already indicated, Judge, my plan -- one

9  way -- either way, whatever your decision is today, is

10  eventually to file a motion to have this case sent back to the

11  Daley Center under Colorado River, to be decided with the

12  bigger lawsuit that's now pending.

13    Judge Atkins, who is overseeing that case,

14  specifically allowed us to come in and file a third amended

15  complaint with a dec action that is directly addressing this

16  confession of judgment and whether the defenses we've

17  raised -- I mean, and the counterclaim, as well, based on a

18  breach of fiduciary duty.  So, I think that's the appropriate

19  way to go.

20    We have made a prima facie showing on the defense and

21  a counterclaim --

22    THE COURT:  And, so, counsel, what is the defense?

23    MR. MORAN:  The defense is -- I mean, it's a mirror

24  image of a counterclaim, basically.  But it is this:  That

25  this note was obtained by the attorney for Mr. Krone's

1   business partners for the specific purpose of using it as

2   leverage to force him out.  We have a claim for aiding and

3   abetting and breach of fiduciary duty against both Mr. Arif

4   and Illinois Asset Management and also his business partners.

5           Essentially, that claim allows us to move forward

6   under the theory that when Mr. Arif and IAM know about the

7   fiduciary duty and -- that is owed by his own client --

8   Mr. Arif has held himself out as the attorney and proxy for

9   these individuals -- he knows about it.  He is using this note

10  only against Mr. Krone.  They're not trying to seize the

11  property, the real estate at issue.  They haven't tried to

12  foreclose on it.  And all they have -- may not have released

13  officially the other co-guarantors, his business partners;

14  they've already said they're not going after them, period.

15  They're just not going to do it.  So --

16          THE COURT:  But doesn't -- I guess --

17          MR. MORAN:  Well --

18          THE COURT:  -- the question is:  Whatever the

19  motivations, why do the motivations matter if your client,

20  Mr. Krone, agreed to the guarantee of confession of judgment?

21          What does it matter with regard to the confession of

22  judgment as to Mr. Krone as to all these other circumstances?

23          I mean, presumably, you know, if Mr. Krone's business

24  partners -- former business partners -- wanted to, they could

25  also go and buy the mortgage on his house and then take

1    whatever action that that would allow.

2           So, I guess the -- it really goes down to why does

3    motive matter in this case -- in this limited case?  Not in

4    your case, not in the fiduciary duty case, not in all the

5    other stuff; but, with regard to this particular confession of

6    judgment.

7           MR. MORAN:  Well, I mean, because the confession of

8    judgment is tied directly to the fiduciary duty claims.  I

9    think it goes to the -- there's an ongoing dispute.  The

10   dispute --

11          THE COURT:  Well, so, for example, if I had bought

12   the note --

13          MR. MORAN:  Right.

14          THE COURT:  -- right? -- and I have no relationship

15   with Mr. Krone's former colleagues and I came in on a

16   confession of judgment, you would agree that -- would you

17   agree that I would be able to do that, and that there would be

18   no defenses that Mr. Krone would have to my entering the

19   confession of judgment against him?

20          MR. MORAN:  I don't know about no defenses, but I

21   would agree that it's a different situation if you did it

22   because you are -- because of the facts.  I mean, you're not

23   connected to him.  You're not related -- you have no -- you

24   owe him no duty.  Okay?

25          THE COURT:  So, I guess my question is why -- it

1  seems to me that the dog is the breach of fiduciary duty claim

2  and the confession of judgment is just the tail.

3         And, so, if Mr. Krone believes that he's being

4  damaged by this confession of judgment -- entry of confession

5  of judgment -- and because -- that it's a breach of fiduciary

6  duty for his partners or former partners to come in and try to

7  obtain this confession of judgment, why isn't that just a

8  damages claim related to the confession of judgment -- I mean

9  related to the breach of fiduciary duty claim -- and what does

10  it have to do with the confession of judgment here?

11         That's --

12         MR. MORAN:  Because --

13         THE COURT:  -- my question.

14         MR. MORAN:  -- the confession of judgment here is

15  related to debt that was incurred by the LLC.  Mr. Krone

16  signed the personal guarantee at the same time his business

17  partners signed the personal guarantee.  So, he signs this

18  guarantee --

19         THE COURT:  But he's not alleging any fraud in the

20  inducement at the time that he signed it, is he?

21         MR. MORAN:  Well, it's not fraud in the inducement

22  because -- you're right.  At the time that he signed it, it's

23  not fraud in the inducement.

24         And to be honest with you, I don't know that

25  eventually it wouldn't make it to that point, because there

1    were disputes going on at that point, as well.

2          But the point is this isn't like the situation where

3    you said, okay, I'm going to -- someone comes off the street,

4    a stranger, buys the note on his house and tries to enforce

5    the note.  That's a different situation because:  One, the

6    relationship is completely different; two, Mr. Krone entered

7    into a deal to guarantee this debt at the same time his

8    business partners did, as well.  His business partners then,

9    in an effort to oust him out of the company, get their

10   attorney to buy the debt.  The attorney enforces it only

11   against Mr. Krone, parallel to, basically, demands that you

12   need to leave the company.

13          So, I think that this is inextricably connected to --

14   the confession of judgment is inextricably connected to -- the

15   breach of fiduciary duty case because it is a tool --

16          THE COURT:  Does your client argue that the

17   underlying debt that allowed the attorney to seek confession

18   of judgment was procured either by fraud or as part of this

19   conspiracy?

20          MR. MORAN:  Part of the conspiracy, yes.  Because if

21   Mr. Krone's business partners have their attorney go get

22   the -- buy the debt -- okay? -- and it's our contention that

23   they were somehow involved in financing the debt, whether

24   either directly or indirectly.  And I'm not sure exactly how

25   yet, but I have a subpoena out to the bank that sold the note.

1   I expect to find out soon, when that subpoena is returned.

2           So -- and this is getting into -- this is getting

3   beyond whether there's a prima facie fact set out.

4           THE COURT:  I don't think so.

5           And, so, if Mr. Krone isn't disputing that the debt

6   was incurred in some sort of untoward manner -- which I don't

7   hear you saying -- then what you're saying -- and if Mr. Krone

8   is not disputing the fact that at the time he entered into the

9   guarantee that everything was kosher -- what you're arguing is

10  that the fact that it's being selectively enforced against him

11  is part of this breach of fiduciary duty conspiracy that his

12  former business or current business partners -- depending on

13  who you, I guess, believe -- the way that they're trying to

14  use it to get him out of the company is a breach of fiduciary

15  duty.

16          But I still don't see how the enforcement of it is a

17  defense to the actual underlying claim.

18          MR. MORAN:  Well, it's -- I mean, to be clear, Judge,

19  we're alleging it in the form of a defense and also as a

20  counterclaim, which the Court is allowed to look at it under

21  Rule 276.  If we have established a counterclaim, the judgment

22  can be opened.

23          The counterclaim in this case is under the dec action

24  we filed in state court.  We're asking the state court judge

25  to declare the manner in which it's being used unenforceable

1　because it is specific to this unique set of circumstances of

2　breach of fiduciary duties and aiding and abetting of the

3　breach of fiduciary duties.

4　　　　These things --

5　　　　THE COURT:  So, the counterclaim -- okay.  The

6　counterclaim doesn't trigger the procedures under 276.  It

7　just states that the defendant may assert counterclaims,

8　right, if I open the judgment.

9　　　　MR. MORAN:  And --

10　　　　THE COURT:  But the mere fact that the defendant is

11　asserting a counterclaim is not a basis to open the judgment

12　under 276.  The sole basis to open the judgment is -- to get

13　that process going is -- whether or not Mr. Krone states a

14　prima facie defense to the judgment.

15　　　　And, so, for now I want to ignore the counterclaims

16　because I think that's what I need to do at this point.  And I

17　want to focus on the confession of judgment and the claims

18　that the plaintiff has against Mr. Krone with regard to that.

19　And, so, basically, the plaintiff is saying there's

20　outstanding debt that Mr. Krone owes.  Mr. Krone signed this

21　guarantee and signed this confession of judgment; and, so, the

22　owner of the debt can enforce it.  Those are kind of the three

23　basic elements.

24　　　　So, when you say you have a prima facie defense, what

25　I'm trying to understand is:  What are the defenses to that

1  particular claim?

2          MR. MORAN:  Can I go back to one thing, Judge --

3          THE COURT:  Yes.

4          MR. MORAN:  -- that you just mentioned?

5      I don't want to belabor a point, but I think the rule

6  specifically states that if Mr. Krone shows a counterclaim,

7  the Court may open the judgment.  I think --

8          THE COURT:  No, no.

9          MR. MORAN:  -- it's very clear --

10          THE COURT:  It doesn't --

11          MR. MORAN:  -- under the rule.

12          THE COURT:  It doesn't say that.  It says that if an

13  order is entered opening the judgment, defendant may assert

14  any counterclaim.  So, it's not -- it's the opening of a

15  judgment that leads to defendant's permission to assert

16  counterclaims; it's not vice versa.

17          MR. MORAN:  I think the case law has been

18  interpreting it as the opposite, Judge.  And, unfortunately, I

19  didn't bring a copy of the rule with me, which was a mistake.

20  And I know you're reading from -- and I tried to look it up on

21  my phone.

22          So, you know, I --

23          THE COURT:  I'll give it to you right here.  I even

24  clipped it.

25      (Document tendered.)

1          MR. MORAN:  Thank you, Judge.

2          THE COURT:  Now, I'm not making any judgments as to,

3 to be clear, whether or not Mr. Krone's colleagues' actions

4 were legal or illegal with regard to how they're seeking --

5 the allegations of how they're seeking to utilize the note.

6 That's not before me.  I'm just looking at the note and the

7 confession of judgment.

8          MR. MORAN:  So, this is what -- I'm going to read out

9 of the rule, Judge:  "If a defendant files a motion supported

10 by affidavit which does not disclose a defense to the merits

11 but discloses a counterclaim against the plaintiff, and

12 defendant has been diligent in presenting his motion, the

13 trial court may permit the filing of the counterclaim and, to

14 the extent justice requires, it may stay proceedings on

15 judgment by confession until the counterclaim is disposed of."

16          So, I think I've done that in this case.  I think

17 I've demonstrated that we have a counterclaim.  It's attacking

18 the enforceability of the judgment.  In this particular

19 instance, the appropriate thing to do is to stay enforcement

20 until we have a hearing on the merits.

21          And, as I mentioned, Judge, we're going to be -- I'm

22 going to be asking that you move this case back over to the

23 circuit court.  But assume for a minute that that doesn't

24 happen and there's no circuit court case.  We would have a

25 trial on the merits in front of you, then, on the

1    enforceability of that counterclaim.

2         By opening the judgment, it's not -- it's my

3    understanding the rule doesn't vacate the judgment; the rule

4    holds the judgment out as security, but it's not enforceable

5    at that time.

6         Now, that's a huge, huge distinction.  Because what's

7    already happened in this case, there's been a citation.

8    Mr. Krone's bank accounts are frozen.  And the judgment's been

9    recorded in Lake County and Cook County.

10        Now, Mr. Krone -- or in Mr. Krone's line of work,

11   that's significant because he's a real estate developer; and,

12   that effectively puts him out of business everywhere because

13   real estate developers who have judgments against them can't

14   really go out and get financing for their deals.

15        So, that's, I think -- setting aside whether we've

16   established a defense -- and I understand this defense doesn't

17   fit into something that you would normally see, because it is

18   unique.  It is a unique situation, in that it is unique to the

19   facts that it's relying on a breach of fiduciary duty to

20   establish that -- the manner in which this is being used.

21        And the manner in which it's being used -- it is a

22   lawful document.  I mean, I agree it's a lawful document.  The

23   confession of judgment is typically -- in Illinois law, if it

24   meets certain standards, it's enforceable and it's lawful.

25        Now, I'm not saying it's lawful in this case, but I

1   get the point that -- how does that set it apart?  Well, in

2   this case it's being used as a sword.  And the analogy you

3   could use is, for example, the Post Office is a lawful place

4   to do business.  It is allowed under U.S. law to send things

5   through the mail.  It is not allowed under U.S. law, though,

6   to send things through the mail that contain fraudulent

7   statements for the purpose of basically stealing from

8   somebody.  It's wire fraud or mail fraud.

9           So, it's similar in this case, in that on the surface

10  level a lawful document is being used for the unlawful purpose

11  -- and I don't think there's any dispute a breach of fiduciary

12  duty to force a partner out of companies like this is

13  unlawful.  It may not be a crime under the criminal statutes,

14  but it is unlawful.

15          So, I think I've established that that defense to

16  this case -- which is a mirror image, like I said, of the

17  counterclaim we brought in the Daley Center.  And I think the

18  statute -- the part of the statue that I just read -- sorry, I

19  closed the book --

20          THE COURT:  When was the case in the Daley Center,

21  when did it start?

22          MR. MORAN:  It started -- well, it started in 2015,

23  but through a foreclosure action.  It did not directly -- I

24  mean, his client was not named as a party at that time.

25          In 2018, my client filed a lawsuit.  That lawsuit was

1    consolidated with the foreclosure action.  And part of the

2    lawsuit alleged breaches of fiduciary duty, and so on and so

3    forth.

4            And in terms of diligence, I think when -- this note

5    was purchased -- my understanding, was purchased -- in

6    February -- late February, I think.  I'm going off memory.

7    And we immediately filed for a TRO in the state court.  That

8    judge denied the TRO because he felt that there were

9    remedies -- specifically, under Rule 276 -- that we could

10   utilize.  And that was an argument that was made by counsel

11   when we had that hearing, that they can go in under Rule 276

12   and try and open the judgment.

13           But the essential argument that the judge felt was

14   that this involved monetary damages and not irreparable harm.

15   So, the motion was denied.

16           We went forward with the case, and once it became

17   known that this confession was entered in this building, we

18   immediately filed a motion to open it.

19           THE COURT:  So, why should I get involved here?  Why

20   shouldn't I stay this case, stay enforcement and let the

21   circuit court, who is much more familiar with not only the

22   disputes surrounding this case, but also Illinois law, why

23   shouldn't I just stay this case and, as a matter of comity,

24   abstain until the circuit court resolves all of these issues

25   in one fell swoop?

1      MR. BLUMENTHAL:  Because, Judge, none of these

2  defenses have anything to do with the confession of judgment.

3      THE COURT:  But you --

4      MR. BLUMENTHAL:  The --

5      THE COURT:  Hold on for a second.

6      MR. BLUMENTHAL:  Yes, sir.

7      THE COURT:  Under Rule 276 -- and let's assume for a

8  second that it applies -- and it very well might apply because

9  the Federal Rules provide that for post-judgment proceedings,

10  I have to refer to the state court rules.  Right?  But I

11  haven't looked into that.  So, let's assume that it does

12  apply.

13      And, so, within Rule 276, I have discretion, okay, to

14  stay the proceedings and try to resolve the counterclaims --

15  stay the enforcement of the judgment and resolve the

16  counterclaims.  And counsel for Mr. Krone raises -- I know

17  that it's disputed, but raises -- a lot of claims and issues

18  that they have with the way this confession of judgment or

19  this document is being used, which is all before the circuit

20  court.

21      And I kind of wonder why it is that the plaintiff

22  came before me, as opposed to circuit court, to try to get the

23  confession of judgment anyway.  One wonders whether it's a way

24  of either some form of kind of forum shopping or just to try

25  to kind of speed things along.

1          But if the circuit court is dealing with all this

2     already, why shouldn't I, as a matter of comity, let the

3     circuit court deal with it?

4          MR. BLUMENTHAL:  Because none of it has anything to

5     do with the enforcement of the guarantee.

6          THE COURT:  So, that is not an issue before the

7     circuit court?

8          MR. BLUMENTHAL:  If I may, Judge, first of all --

9          THE COURT:  I guess my question is:  Is that an issue

10    before the circuit court, the enforcement of this guarantee?

11         MR. BLUMENTHAL:  The guarantee -- no.  The guarantee

12    was enforced.

13         And these defenses cannot be made -- that was my

14    point before, when we were last here.  The defenses can't be

15    made that he's raising to this guarantee.  The guarantee

16    provides --

17         THE COURT:  That's not my question.

18         MR. BLUMENTHAL:  Okay.

19         THE COURT:  My question is:  Is this dispute

20    regarding the enforceability of the guarantee a dispute that

21    is currently before the circuit court?

22         MR. BLUMENTHAL:  I don't think so.  He's got -- he's

23    got a claim -- a dec action.  But I don't know how you raise

24    that dec action when we brought the confession of judgment

25    here.  I mean, I --

1          THE COURT:  Well, what does the dec action ask for?

2          MR. BLUMENTHAL:  That we not enforce the guarantee.

3    But, first of all, the complaint was filed after we got the

4    judgment.  It was filed April 5th.  But --

5          THE COURT:  Well, I mean, that's relevant.

6          MR. BLUMENTHAL:  I'm sorry?

7          THE COURT:  That's relevant.

8          MR. BLUMENTHAL:  He had a motion for leave to file --

9    I should say this, though.  I want to be clear.  He had a

10   motion for leave to file an amended complaint before the court

11   at or about the time I got the judgment.  I'm not sure which.

12   But the actual pleading of the third amended complaint wasn't

13   filed until April 5th.  So that we're just clear on that.

14         Something else that the Court said that I think is

15   important; and, that is, motive on a breach of contract -- and

16   effectively the breach of -- confession of judgment is a

17   breach of contract claim that we brought here -- doesn't

18   matter.  There's tons of cases, both in state court and in the

19   Seventh Circuit and district court, that say if you breach a

20   contract, your motive -- motive doesn't matter.  You know, you

21   breached the contract.  And here there was a breach of

22   contract, as the Court noted.

23         But if I could, Judge, what I would like to do, could

24   I have 15 days to respond?  I mean, we --

25         THE COURT:  I mean, the issues are the same as the

1   issues for which I set the briefing schedule previously,

2   right?

3          MR. BLUMENTHAL:  I'm not sure that they're all the

4   same.  I, frankly -- this is the week -- weekend I'm going to

5   work on this.  I just -- I've been -- last weekend I was

6   working for Judge Coleman, so to speak.  So, I really haven't

7   had a chance to read it in any great detail.

8          THE COURT:  Hold on for a second.

9          MR. BLUMENTHAL:  But if you want me to brief both at

10  the same time, I'll do it.  I'll do whatever you say, Judge.

11         MR. MORAN:  Can I say something, Judge, or --

12         THE COURT:  Briefly.

13         MR. MORAN:  Our motion for leave to amend the

14  complaint was heard by the circuit court the week -- the last

15  week of March.  So, it predated -- obviously, a copy of the

16  complaint was submitted with the motion.  So, that predated

17  the confession of judgment in this case.

18         MR. BLUMENTHAL:  That wasn't the complaint that was

19  filed.  I'm sorry.

20         THE COURT:  Well, the proposed amended complaint, did

21  that have a declaration claim asking the Court to stay the

22  enforcement of the guarantee?

23         MR. BLUMENTHAL:  I think it did.

24         MR. MORAN:  Yeah.

25         MR. BLUMENTHAL:  I think it did.

1          MR. MORAN:  So, that's the issue that I think you're

2  getting at, Judge.  So --

3          MR. BLUMENTHAL:  But our complaint was here, was

4  filed March 20th.

5          MR. MORAN:  Well --

6          THE COURT:  All right.  So, this is what I want to

7  happen.  Okay?  So, plaintiff's response to the original

8  motion to open the judgment is currently due on May 8th.  I'm

9  going to keep that date.  And, then, the reply will be due on

10  May 13th.

11          I'm going to make more work for you, counsel.

12          To the extent that defendants are going to file a

13  motion for me to abstain, I want that filed by next Wednesday,

14  May 1; and, then, plaintiff can respond to both motions by May

15  8th; and, defendant can reply by May 15th.

16          I have a status set for May 23rd.  I'm going to keep

17  that date.

18          The motion for reconsideration.  The motion for

19  reconsideration is denied.  I think that the issues that are

20  raised in the motion for reconsideration are the same as the

21  issues that are raised in the prior motion.  I think this is

22  the best way to deal with it.

23          And I am not going to stay the enforcement of the

24  judgment.  And I'm going to stick with my prior timeline.  So,

25  I will decide on all of these issues at the May 23rd status.

1          MR. BLUMENTHAL:  Thank you very much, your Honor.

2          MS. SULLIVAN:  Thank you, your Honor.

3          THE COURT:  Thank you.

4          MR. MORAN:  Thank you, Judge.

5                    *     *     *     *     *

6

7    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
8

9

     /s/ Joseph Rickhoff                    May 3, 2019
10   Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25