## JEFFREY C. BLUMENTHAL CHARTERED
### ATTORNEY AT LAW

April 5, 2019

Patrick R. Moran, Esq.
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654

Re: Supplementary Proceedings (Citation Notice and Third Party Citation to Discover Assets) issued in Connection with Judgment entered in Illinois Asset Management, LLC v. Scott J. Krone, docketed as Case No. 19-cv-01912 in the United States District Court for the Northern District of Illinois

Dear Mr. Moran:

As a courtesy, this is to let you know, that today, as required by law, I sent by first class mail to Scott Krone, a copy of the Citation Notice and Third Party Citation to Discover Assets that were served on Kim Ogasawara, Branch Manager and representative of and agent for North Shore Community Bank and Trust Company on the afternoon of April 5, 2019. As the enclosed Citation Notice and Third Party Citation to Discover Assets provide the Citation will take place on April 18, 2019 at 10:30 a.m. at my law offices.

Very Truly Yours,

Jeffrey C. Blumenthal

Enclosure



PLAINTIFF'S EXHIBIT
7

**IN THE UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS ASSET MANAGEMENT, LLC, | ) |
| *Plaintiff*/Judgment Creditor | ) |
| | ) Case No.: 1:19-cv-01912 |
| v. | ) Honorable John Z. Lee |
| | ) |
| SCOTT J. KRONE, | ) |
| *Defendant*/Judgment Debtor | ) |

## CITATION NOTICE

**Address of Judgment Debtor:**
Scott J. Krone
631 Lake Avenue
Wilmette, Illinois 60091

**Name and address of Attorney for Judgment Creditor or of Judgment Creditor (if no attorney is listed):**

Jeffrey C. Blumenthal
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite # 223
Northbrook, Illinois 60062

**Amount of Judgment:** $ 6,028,246.59 including interest

**Name of Person Receiving Third Party Citation:**
Kim Ogasawara
Branch Manager of North Shore Community Bank & Trust
1145 Wilmette Avenue,
Wilmette Illinois 60091

**Third Party Citation Date and Time and Location of Citation:**
The Third Party Citation will take place on April 18, 2019 at 10:30 a.m. at the Law Offices of Jeffrey C. Blumenthal, Chartered, 2970 Maria, Suite #223, Northbrook, Illinois 60062

NOTICE: The Court has issued a citation against the person named above. The citation directs that person to appear on April 18, 2019 at 10:30 a.m. at the Law Offices of Jeffrey C. Blumenthal Chartered, 2970 Maria, Suite #223, Northbrook, Illinois 60062 to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the Court date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE

JUDGMENT DEBTOR THAT MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

1. Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; social security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; Circuit Breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

2. Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

3. Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 15 percent of gross weekly wages or (b) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

4. Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (a) 25 percent of disposable earnings for a week or (b) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage, or under a wage deductions summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

5. Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing on the Twentieth (20th) Floor of the Everett McKinley Dirksen United States District Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. When so notified, the Clerk of the Court will obtain a prompt hearing date from the Court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first-class mail.

### CERTIFICATE OF MAILING

I hereby certify that, within three business days of service on the judgment debtor or party cited herein of the Citation To Discover Assets Summons, I served on the judgment debtor in this cause a copy of this Citation Notice by first-class mail to the judgment debtor's address as follows: Scott J. Krone, 631 Lake Avenue, Wilmette, Illinois 60091.

Attorney for Judgment Creditor

Jeffrey C. Blumenthal
ARDC No. # 3124049
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite No. 223
Phone (847) 498-3220
Fax (847) 498-3221
Email: Jeffrey@jcblawyer.com

## IN THE UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSET MANAGEMENT, LLC, | ) |
| | ) |
| *Plaintiff*/Judgment Creditor | ) |
| | ) Case No.: 1:19-cv-01912 |
| v. | ) Honorable John Z. Lee |
| | ) |
| SCOTT J. KRONE, | ) |
| | ) |
| *Defendant*/Judgment Debtor | ) |

## THIRD PARTY CITATION TO DISCOVER ASSETS

To: Kim Ogasawara
Branch Manager and representative of and agent for North Shore Community Bank & Trust
1145 Wilmette Avenue,
Wilmette Illinois 60091

**YOU ARE COMMANDED** to appear before a Notary Public at the law offices of Jeffrey C. Blumenthal Chartered on April 18, 2019 at 10:30 a.m., to be examined under oath to discover assets or income of Scott J. Krone not exempt from enforcement of a judgment. A judgment in favor of Illinois Asset Management, LLC and against Scott J. Krone was entered on April 2, 2019, in the amount of $6,028,246.59 and $6,028,246.59 remains outstanding, plus post-judgment interest.

**YOU ARE COMMANDED** to produce at the examination all documents identified on Schedule A annexed hereto.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the judgment debtor or to which debtor may be entitled or that may be acquired by or become due to debtor and from paying over or otherwise disposing of any money not so exempt that is due or becomes due to debtor, until the further order of Court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING:** YOUR FAILURE TO COMPLY WITH THIS CITATION MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.

## CERTIFICATE OF ATTORNEY

On April 2, 2019 a Judgment in the sum of $6,028,246.59 was entered in favor of Plaintiff/Judgment Creditor, Illinois Asset Management, LLC and against Defendant/Judgment Debtor, Scott J. Krone in this Civil Case No. 1:19-cv-01912 in the United States District Court for the Northern District of Illinois, Eastern Division, and a balance of $6,028,246.59 remains unsatisfied, plus post-judgment interest.

I, the undersigned certify to the Court, under penalties as provided by law that all of the information stated herein is true.

Signature of Attorney

Witness _____, 2019

**THOMAS G BRUTON**

Clerk of the United States District Court for the Northern District of Illinois, Eastern Division

Deputy Clerk: _____

Date: APR - 5 2019

Jeffrey C. Blumenthal, Esq.
ARDC #3124049
Attorney for Plaintiff/Judgment Creditor
2970 Maria Avenue, Suite 223,
Northbrook, Illinois 60062
Tel: (847) 498-3220
Fax: (847) 498-3221
Email: Jeffrey@jcblawyer.com

2

## SCHEDULE A

## DEFINITIONS

The words and phrases in this document request are defined as follows:

1.      "Assets" means any property, real or personal, tangible or intangible, having any monetary value, including but not limited to: real estate, shares in a cooperative apartment, shares of stock or other interest in any corporation, partnership or other entity, mortgages, bonds, cash, bank accounts, savings accounts, certificates of deposit, jewelry, automobiles, boats, appliances, electronic equipment, artwork, furniture, rugs, collectibles, personal possessions, debts owed or any other item of value.

2.      "Communication" means the transmittal of information (in the form of facts, ideas or otherwise) by any means, including but not limited to telephone, letter, facsimile, e-mail, voicemail, memorandum, and or any other type of document on any media.

3.      "Document" means all written, printed, typed, electronically created or stored, photographed or recorded matter of every type and description, however and by whomever prepared and held or maintained in the possession of whomever, including, but not limited to, agents such as law, accounting or other professional firms, produced, reproduced disseminated of made, in any form, including, but not limited to, originals (or copies where originals are unavailable) of all writings, letters, minutes, correspondence, drafts, telegrams, telexes, facsimiles, e-mails, voicemails, bulletins, instructions, notes, sound or video recordings of any type, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, ledgers, books of account, statements vouchers, invoices, charge slips, time sheets or logs, computer diskettes, CD-ROMs, computer tapes or data, notebooks, diaries, desk

calendars, or records or papers similar to the foregoing however denominated. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, (2) drafts of such document, and (3) any tangible thing that is call for by identified in repose to any request.

4.      "Krone" shall mean Scott J. Krone, the Defendant/Judgment Debtor in the above captioned case and any of his agents, representatives, employees, attorneys, and all other persons or entities acting or purporting to act on his behalf.

5.      "Person" shall mean any natural person or any business, legal or governmental entity or association.

6.      Reference to any singular form of any word shall include the plural and references to the plural form of any word shall also include the singular.

7.      As used in this Third Party Citation to Discovery Assets, the terms "You" and "Your" shall mean both Kim Ogasawara **and** North Shore Community Bank and Trust, its agents, representatives, employees, attorneys, and all other persons or entities acting or purporting to act on its behalf.

## GENERAL INSTRUCTIONS

A.      You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of any of your associates, employees, agents, consultants, attorneys, accountants, financial advisors or other representatives.

B.      These requests are continuing in nature. In the event you obtain or discover any additional, further, or different information or documents after the production of the documents or

4

things requested herein you are requested to promptly make a supplemental production of documents.

      C.      You are requested to produce the original and all non-identical copies, including all drafts, of each document requested. If you are not able to produce the original of any document, please produce the best available copy.

      D.      A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to once of the numbered requests contained herein. Documents shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a document) or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents. Things (e.g., computer data tapes, disks, or CD-ROMS) shall not be altered or modified, unless otherwise directed.

      E.      Each request for documents and subparagraph or subdivision thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

      F.      If objections are made to producing any documents, or any portion thereof, or disclosing any information contained therein, in response to any document request, on the basis of a claim of privilege, then, simultaneously with the production of documents, you should submit a privilege log that identifies with respect to each and every document, or portion thereof, withheld on such a basis:

          (1)      The title of the document;

(2)    The nature of the document (e.g., letter, memorandum, etc.);

(3)    The author or sender;

(4)    The addressee;

(5)    The date the document was produced and sent;

(6)    The name of each person to whom the original or a copy was shown or circulated;

(7)    The names appearing on any circulation list, "cc" designation, or "bcc" designation, relating to or appearing on the document;

(8)    The name and/or subject matter of the file in which the document is maintained or found;

(9)    The nature and type of privilege or privileges claimed; and

(10)   A summary statement of the subject matter of the document in sufficient detail to permit the Court to rule on the propriety of the claim of privilege.

6

## DOCUMENTS TO BE PRODUCED

1.    Any and all documents which refer or relate concern any Assets owned, legally or beneficially, in whole or in part of Scott J. Krone from January 1, 2016 to the present.

2.    Any all documents which refer or relate or concern any Income of Scott J. Krone from January 1, 2016 to the present.

3.    All documents which refer or relate or concern any transfers of money for whatever reason or purpose from Scott J. Krone or on behalf of Scott J. Krone to any person or entity, including, but not limited to any transfer of money from Scott J. Krone to himself, from June 22, 2016 to the present.

4.    All documents which refer or relate or concern any transfers of money for whatever reason or purpose from any person or entity to Scott J. Krone or on behalf of from June 22, 2016 to the present.

5.    All documents concerning the payment or transfer of money for whatever reason or purpose from Midwest and/or Michael Siegel to any account for the benefit of Catcore and/or Jordan Siegel from June 22, 2016 to the present.

6.    All documents which refer or relate to any bank account in the name of Scott J. Krone or to which Scott J. Krone is a signatory, with said documents to include, but not be limited to, any statements of account for said account, deposit slips or depository information and copies of checks drawn on said account from June 22, 2016 to the present.

7

7.      All documents which refer in any way to any real estate owned by Scott J. Krone or in which he has an interest, whether legal or beneficial at any time since January 1, 2016.

8.      All documents relating to any employment of Scott J. Krone.

9.      All documents related to any pledges or loans from Scott J. Krone to any person or entity.

10.     All documents related to any financing, pledges or loans made to Scott J. Krone or any other closely held corporation, limited liability company, partnership or other entity in which Scott J. Krone has a direct or indirect interest.

11.     All documents concerning any Assets owned (legally or beneficially) or controlled (in whole or in part) by any corporation or partnership in which Scott J. Krone or any corporation, limited liability company, partnership or other entity owned or controlled in whole or in part by Scott J. Krone  has a majority or controlling interest as of January 1, 2016 through the present.

12.     All documents concerning any sale or transfer of Assets owned in whole or in part by Scott J. Krone from January 1, 2016 through the present.

8

13.    Any Documents relating to the ownership of or any limited liability company, closely held corporation, partnership or other entity in which Scott Krone has a direct or indirect interest.

## **RECEIPT**

On April 5, 2019, the undersigned representative of the North

Shore Community Bank acknowledges receiving copies of the

Citation Notice and Third Party Citation to Discover Assets

directed to Kim Ogasawara, Branch Manager and representative

of and agent for North Shore Community Bank & Trust in that

case known as Illinois Asset Management, LLC v. Scott J.

Krone, docketed as Case No. 1:19-cv-01912 in the United States

District Court for the Northern District of Illinois, Eastern

Division.

**Kim Ogasawara**
Vice President / Branch Manager Wilmette

kogasawara@nscbank.com
**T|** 847-853-4241
**F|** 847-853-4241



1145 Wilmette Ave
Wilmette, IL 60091