IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSET MANAGEMENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT J. KRONE, )<br>)<br>Defendant. ) | Case No. 19-cv-1912 |

**DEFENDANT SCOTT J. KRONE'S REPLY IN SUPPORT OF
HIS MOTION TO VACATE THE JUDGMENT AND DISMISS OR STAY THIS CASE
PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE**

Defendant, SCOTT J. KRONE, through his undersigned attorneys, and for his Reply in support of his Motion for to Vacate the Judgment and Dismiss or Stay this Case pursuant to the *Colorado River* Abstention Doctrine, states the following.

### INTRODUCTION[1]

Plaintiff does not dispute that it purchased the promissory note for Platform Bradley LLC in the midst of a hotly contested state court lawsuit, *Krone v. Freedom Builders, LLC, et al*, 2018 CH 6885, Circuit Court of Cook County (the "State Court Lawsuit"), in which Plaintiff and its president and purported sole owner are also defendants. Instead, Plaintiff wants the Court to ignore when and why it purchased the debt – in the midst of the State Court Lawsuit order to use it as a sword against Krone alone – and instead urges this Court to accept the unsupported premise that the confession of judgment claim at issue in this case is inconsequential compared to the State Court Lawsuit and dissimilar from that case, despite its prolific presence in Krone's Third Amended Complaint. Yet at the same time, Plaintiff wants this Court to find against Krone in all

---

[1] Krone mistakenly cited Fed. R. Civ. P 12(b)(1) in the prefatory language of his motion. The inclusion of this rule was inadvertent; Krone does not argue a lack of subject matter jurisdiction.

1

respects so it can use this Court's rulings for a preclusive, *res judicata* or collateral estoppel effect in the State Court Lawsuit, which can only be possible if the claims and parties are the same or substantially similar. *See e.g.*, *Rein v. David A. Noyes & Co.*, 172 Ill.2d 375, 335, 665 N.E.2d 1199 (1996) (res judicata) *DuPage Forklift Services, Inc. v. Material Handling Services, Inc.*, 195 Ill.2d 71, 77, 744 N.E.2d 845 (2001) (collateral estoppel). In other words, Plaintiff's argument only serves to confirm abstention is appropriate.

Plaintiff also argues that the state court's decision denying Krone's TRO motion does not support Krone or suggest forum shopping. But the alleged deficiencies the judge noted – unverified allegations and speculative allegations – were cured with the filing of the Third Amended Verified Complaint, which had not been filed at the time the TRO motion was denied. More curiously, Plaintiff takes the position the state court did not signal its belief that Krone has a likelihood of success on the merits (Dkt. #29, p. 1 n. 4), despite the fact that a likelihood of success was not identified as a deficiency in the order denying the TRO. This means at the time Plaintiff made the decision to file its lawsuit in this Court, it had in hand an order at least suggesting the judge believed there was a likelihood of success on the merits.

Meanwhile, in its related opposition to Krone's motion to open the judgment, Plaintiff makes a key admission: that it is not releasing Krone's co-guarantors from their commercial guarantees, which, it argues, means Krone has no right of contribution against Plaintiff. (Dkt. #30, p. 2, 13-15). While that may be true, it also means Krone is entitled to equitable contribution from his co-guarantors for their proportional share of the judgment. *See QST Industries, Inc. v. Feinberg*, 2003 WL 260674, *5 (N.D.Ill. Feb. 6, 2003) *citing Harris v. Handmacher*, 185 Ill.App.3d 1023, 1026-27, 542 N.E.2d 77, 80 (1st Dist. 1989). With that being the case, and there being no genuine issue of material fact as to whether Krone's co-guarantors are released, Krone

withdraws his request that the Court dismiss this case and seeks only to have the confessed judgment vacated and the case stayed pursuant to *Colorado River*, so the Court will be able to revisit any of its rulings, if necessary, in the event Plaintiff changes its position and suddenly decides to release Krone's co-guarantors after all. *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 410 (7th Cir. 1996) (court explaining why a stay is preferred as opposed to dismissal under *Colorado River* doctrine).

**ARGUMENT**

**I.  There Has Been No Waiver Of The *Colorado River* Abstention Doctrine.**

Relying on a paucity of inapposite caselaw, Plaintiff urges this Court to find that Krone waived his *Colorado River* abstention argument by filing a motion to open the confessed judgment first, which is currently undecided and pending before this Court, as well as a motion to reconsider. Plaintiff's waiver argument should be rejected for several reasons.

As an initial matter, and contrary to Plaintiff's attempt to suggest otherwise, the Court is not required to automatically find there was a waiver simply because Krone filed a motion to open the judgment at the outset of this lawsuit. (Dkt. #29, p. 4-5). Rather, and as set forth in the same authority Plaintiff cites, it is within the Court's discretion to find for or against waiver. *See Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (noting that a party *may* waive abstention) (emphasis added); *Thomas-Wise v. Nat'l City Mortg. Co.*, 2015 WL 641770, *2 (N.D.Ill. Feb. 13, 2015) (noting in dicta that a party *may* waive *Colorado River* abstention argument) (emphasis added).

In addition, Plaintiff glosses over a predicate requirement it must demonstrate in order to establish a waiver: that Krone "expressly urge the Court to address the merits." *Barichello*, 98 F.3d at 955. By its very nature, a motion to open a judgment under Illinois Supreme Court Rule

3

276 does not address the merits of the dispute. Rather, it only asks the Court to go as far as deciding whether the facts alleged in the motion establish a *prima facie* defense to the merits or a counterclaim. And importantly, in doing so the court must disregard any conflicting facts presented by the plaintiff. *See Kuh v. Williams*, 13 Ill. App. 3d 588, 593, 301 N.E.2d 151 (1st Dist. 1973). In other words, deciding a motion to open a confessed judgment is the functional equivalent deciding whether a party has alleged sufficient facts to state a claim under Rule 12(b)(6), where a court must accept facts alleged as true for purposes of deciding the motion. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice"); *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (On a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims). Without the ability to address questions of fact, the Court cannot truly address the merits. And the two cases Plaintiff cites for its waiver argument support this argument. Each had proceeded much farther along than a Rule 12(b)(6) motion to dismiss before the abstention question was raised. *See Barichello*, 98 F.3d at 955 (district court determined *sua sponte* that abstention was appropriate under both *Burford* and *Younger* doctrines after the defendant had already filed a motion for summary judgment on qualified immunity); *Thomas-Wise*, 2015 WL 641770, *1-2, 5 (district court allowed defendant to reassert *Colorado River* abstention motion after having already filed two motions to dismiss an original complaint and amended complaint pursuant to Rule 12(b)(6)).

Moreover, Krone did the opposite of expressly asking the Court to address the merits. In his motions, he argued that the Court is foreclosed from inquiring into the disputed facts of the

4

case. (Dkt. #17, p. 10; Dkt. #22, ¶3). And in both motions, Krone alerted the Court to his belief that the case should *not* remain in federal court, at one point suggesting remand (Dkt. #17, p. 3, n. 4) and another *Colorado River* abstention (Dkt. #22, ¶9, n. 2). Regardless of whether "remand" is not the correct mechanism for this type of situation, Krone made it known to this Court that he believed the case was wrongly filed in this district, and that the merits should be decided in the State Court lawsuit.

In fact, there is no hard and fast requirement that *Colorado River* abstention always be decided at the outset of the case before addressing any of the merits, because *Colorado River* abstention is prudential, not jurisdictional, and therefore merely "allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere." *Allian v. Allian*, 2018 WL 6591422, at *4 (N.D. Ill. Dec. 14, 2018) *citing Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) ("[O]ur task in [determining whether to abstain under *Colorado River*] is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice ... to justify the *surrender* of that jurisdiction.").

In *Kane v. Bank of America Nat'l Assoc.*, 2017 WL 2243055 (N.D.Ill. May 23, 2017), the defendant waited three years into the lawsuit, filed a motion to dismiss, answered the complaint and participated in discovery before finally bringing a motion to stay pursuant to *Colorado River*. *Id*., *1-2. In rejecting the argument that it was too late in the lawsuit to bring a *Colorado River* abstention motion, the district court reasoned:

> when a federal court defendant allows a federal suit to proceed for over three years before bringing a *Colorado River* motion, does that delay preclude abstention? Such a rule might make sense if *Colorado River* stays existed solely (or even primarily) for the defendant's benefit; if so, the pros and cons of not bringing the

5

motion earlier would be the defendant's alone to weigh, and the consequences of holding the defendant to that choice would fall primarily on its own shoulders. But the *Colorado River* doctrine first and foremost implicates judicial economy concerns, which primarily affect the court and the judicial system as a whole. *See Freed*, 756 F.3d at 1022 (noting that *Colorado River* is concerned with "the efficient use of judicial resources and the public's perception of the legitimacy of judicial authority"); *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011) ("The [*Colorado River*] prudential doctrine is a matter of judicial economy."); 17A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 4247 (3d ed. 2017) (noting that *Colorado River* abstention "may be regarded as abstention merely to serve the convenience of the federal courts"). In *Colorado River* itself, the Supreme Court explained that its decision "rest[ed] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817 (internal quotation marks and alteration omitted).

*Id.*, \*6. This Court should adopt the district court's reasoning in *Kane* and reject Plaintiff's waiver argument. Unlike the defendant in *Kane*, Krone did not wait, file substantive pleadings and engage in discovery on the merits before filing his abstention motion. He raised the abstention issue shortly after filing his motion to open the judgment. Given the foregoing considerations and the unusual nature of this case, it makes sense that Krone would want the judgment opened or vacated before asking the Court to stay this case or dismiss it pursuant to *Colorado River* in order to avoid piecemeal litigation becoming a reality. The same prudential concerns present in *Kane* are present here and warrant abstention.[2]

Finally, the Court should reject Plaintiff's argument that Krone's abstention motion asks for a decision on the merits by seeking to have the judgment vacated. That Krone asked for the judgment to be vacated without prejudice in conjunction with either dismissing the case without prejudice or staying it so the enforceability of the confession and any potential setoffs or damages could be decided in State Court is not the same as asking for a decision on the merits.

---

[2] Obviously, this Court can choose to grant Krone's abstention motion and stay the proceedings and then deny the motion to open the judgment without prejudice as moot, so Krone can file the motion in the State Court Lawsuit.

6

**II. The Federal Lawsuit And State Court Lawsuit Are Parallel.**

Citing zero authority, Plaintiff argues that because the State Court Lawsuit involves more claims and parties than the single claim for confession of judgment, the suits are not parallel. (Dkt. #29, p. 7). But Plaintiff's focus on the other parties and/or claims not only misses the point, it ignores the claims directly impacting the commercial guarantee and confession clause, which will necessarily resolve the same issue present in this case. (Dkt. #17-2, Counts V-XII and XV).[3] Indeed, Plaintiff barely mentions the declaratory judgment count that squarely addresses the commercial guarantee and its confession clause and ignores the required analysis to determine parallel suits. "State and federal suits need not be identical to be parallel." *Freed v. Friedman,* 215 F. Supp. 3d 642, 649 (N.D. Ill. Oct. 17, 2016); *see also Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 498-99 (7th Cir. 2011) ("[F]or *Colorado River* purposes…[p]recisely formal symmetry is unnecessary."). Suits are "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed II,* 756 F.3d at 1019. "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.,* 250 F.3d 510, 518 (7th Cir. 2001) (internal quotation marks omitted); *see also Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 646 (7th Cir. 2011) (same).

Here, Plaintiff focuses on numbers of claims or parties but fails to address whether there is a substantial similarity and likelihood that the state court litigation will resolve the claims in this

---

[3] Plaintiff incorrectly argues only four claims involve the confession of judgment. In fact, the following claims arise out of or involve the confession of judgment: Counts V alleges breach of fiduciary duty; Count VI alleges aiding and abetting the breach of fiduciary duty; Count VII alleges constructive fraud; Count VIII alleges defamation *per se* involving the confession of judgment; Count IX alleges civil conspiracy; Count X alleges member expulsion from Platform Bradley; Count XI alleges breach of the operating agreement for Platform Bradley; Count XII alleges declaratory judgment as to the commercial guarantee; and Count XV alleges a contribution claim against Krone's co-guarantors based on the commercial guarantees.

case. The short answer to that question is: yes. Plaintiff is a party to the State Court Lawsuit, and the enforceability of the confession as well as any damages and possible setoffs for Krone are at issue in the State Court Lawsuit. Moreover, Plaintiff, not Krone, chose this forum knowing full well that the same issue – enforceability of the confession of judgment – was and is being litigated in the State Court Lawsuit. It is disingenuous for Plaintiff to now argue the cases are not parallel simply because Plaintiff made the choice to file in this forum for a perceived tactical advantage, when it could have filed in state court.

Similarly, Plaintiffs attempt to minimize the overlap fails. Almost all of the claims the against the Platform Bradley managers and Krone's co-guarantors are either dependent on the enforceability of the commercial guarantee's confession of judgment clause or connected to it. Moreover, Krone recently filed a motion for leave to amend the complaint by adding a claim for abuse of process. While other parties related to Plaintiff are named in the same counts, the presence of other related parties alone is no reason to find the cases are not parallel. If the case were to remain here, Krone would seek leave to file a third-party complaint to bring them into this case.

Plaintiff then sheds light on what it really wants out of this parallel litigation: an order from this Court that binds the state court judge (Judge David Atkins) and prevents him from opening or otherwise touching the judgment. (Dkt. #29, p. 8-10). Even if that were possible (which it is not), the argument not only fails to address the parallel question, but in fact, actually demonstrates why abstention is appropriate. There is no reason for this Court to engage in wasteful and duplicative work in case just so Plaintiff can have a possible *res judicata* or collateral estoppel argument in the State Court Lawsuit. The argument is disingenuous because it implicitly acknowledges the cases are parallel, but Plaintiff tries to suggest they are not while at the same

time seeking an order that will bind the State Court on the exact same issues. Plaintiff cites no authority for the proposition that a district court should not abstain just so its rulings may be used for a preclusive binding effect on the state court litigation.

### III. The *Colorado River* Factors Heavily Favor Abstention.

Factors 1, 3-6 and 8-10 favor abstention. Factors 4 and 7 are closer calls but should favor abstention as well or are neutral. Only the second factor cuts against abstention.

#### 1. Whether the state has assumed jurisdiction over the property favors abstention.

Plaintiff argues the state court has not assumed jurisdiction over the property at issue, which it claims is the real property involved in the confession matter. (Dkt. #29, p. 11). Plaintiff's argument is not only factually incorrect, it conflates the property at issue and misses the point. Krone never argued the real estate is the property at issue for this factor. Rather, it is Plaintiff's use of the Bradley Note and confession clause in the commercial guarantee as a sword against Krone to target Krone's own assets. Although the promissory note is secured by real estate (and two commercial guarantees of Krone's business partners, which Plaintiff does not wish to enforce), Plaintiff has elected to pursue only Krone using the confession of judgment clause in Krone's commercial guarantee of the promissory note. There is no question the state court has jurisdiction over the promissory note, commercial guarantee and its confession of judgment provision, because Krone brought claims challenging the enforceability of these instruments in order to protect himself and his assets, which means the property at issue here – the promissory note, commercial guarantee and Krone assets – are at stake in both cases. If this Court does not abstain, it sets up a possible conflict between this Court's and the Circuit Court's rulings on the enforceability of the commercial guarantee and its confession clause. *Freed,* 215 F.Supp. 3d at 655 (*quoting African*

*Methodist Episcopal Church v. Lucien,* 756 F.3d 788, 799-800 (5th Cir. 2014)). Accordingly, this factor favors abstention.

### 2. Inconvenience of the federal forum.

Krone agrees the federal forum is not inconvenient given its proximity to the Daley Center. However, this should be a neutral factor or given limited weight.

### 3. The desirability of avoiding piecemeal litigation favors abstention.

Plaintiff argues the risk of piecemeal litigation would actually be minimized if this Court were to retain jurisdiction, but that would force the parties to litigate the same or similar issues in two different forums. Plaintiff tries to avoid this obvious flaw by asking the Court assume a perfect world for Plaintiff, in which the Court rejects all of Krone's arguments and motions and upholds the judgment as is, and the Circuit Court is forced to accept this Court's ruling on all of Krone's claims. But the Court is not required to and should not accept Plaintiff's overly optimistic and oversimplified view of the world. Even if the Court were to deny Krone's motion to open the judgment, Krone would still be entitled to pursue his claims against Plaintiff and others in this case and in the State Court Lawsuit to offset the judgment. And because Plaintiff is now taking the position that it is not releasing Krone's co-guarantors from their commercial guarantees (Dkt. #30, p. 2, 13-15), Krone is entitled to equitable contribution from both of them. *See QST Industries, Inc. v. Feinberg*, 2003 WL 260674, *5 (N.D.Ill. Feb. 6, 2003) *citing Harris v. Handmacher*, 185 Ill.App.3d 1023, 1026-27, 542 N.E.2d 77, 80 (1st Dist. 1989). Moreover, with two cases being litigated simultaneously, there is a risk of Plaintiff taking two different positions in two different forums to suit its purposes (e.g., telling this Court it will not release Krone's co-guarantors in this case to avoid the judgment being opened, but then changing position in the State Court Lawsuit to avoid an equitable contribution judgment being entered against the co-guarantors). Abstention would force Plaintiff to transparently take one position and stick with it.

Plaintiff's argument also ignores other possible outcomes that favor abstention.[4] For example, this Court may decide to grant this abstention motion, stay the proceedings and enforcement of the judgment and deny Krone's motion to open the judgment as moot without prejudice so Krone can ask the state court judge to open the judgment. Or, the Court may deny or grant the motion to open the judgment but still stay enforcement and abstain so Krone can pursue his counterclaims against Plaintiff in the State Court Lawsuit. And even if the motion to open is denied, Rule 276 expressly allows this Court to stay enforcement so Krone can pursue a counterclaim: "If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim against the plaintiff, and defendant has been diligent in presenting his motion, the trial court may permit the filing of the counterclaim and to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of." Piecemeal litigation would be avoided if the Court were to abstain.

Curiously, Plaintiff then argues that abstaining would actually create more work for the parties and the court, despite the fact that only one court's resources would be required and the parties would not be required to engage in duplicative, piecemeal litigation. That this will occur is not speculation – it has already occurred. Nonetheless, Plaintiff relies on dubious logic in support of its position, claiming that because no confession claim is before the Circuit Court, the parties would have to start the entire confession process afresh. This claim is demonstrably false, because Krone already sought a TRO and filed an amended complaint in the State Court Lawsuit challenging the confession. Moreover, the slight inconvenience Plaintiff might experience for having chosen this forum over the state court forum does not outweigh the total waste of this

---

[4] Obviously, Krone wants the Court to grant both of his motions, opening the judgment and staying enforcement and/or vacating the judgment without prejudice and sending the case back to the Circuit Court to be resolved.

11

Court's resources on a claim that should have been brought in state court in the first place. Finally, Plaintiff simply assumes this Court has more familiarity despite the fact that the enforceability of the commercial guarantee was pending before Judge Atkins before Plaintiff even filed this lawsuit. In short, "proceeding in a single forum would 'conserve judicial resources and avoid the potential for the two proceedings to reach inconsistent results.'" *Freed,* 215 F.Supp.3d at 656 (*quoting Freed II,* 756 F.3d at 1022).

4. **The order in which jurisdiction was obtained favors abstention or is neutral.**

Plaintiff next argues that because Krone filed his complaint against Plaintiff on April 5, 2019, after the confessed judgment had already been obtained, this factor is either neutral or does not favor abstention. Plaintiff ignores that Krone sought a TRO on March 12, 2019, filed a motion for leave to amend his complaint on March 18, 2019 and got leave to amend the complaint on March 26, 2019. In the meantime, Krone sought an agreement with Plaintiff on the forum and filing of the complaint for a confession, but Plaintiff refused to respond.

5. **The source of governing law favors abstention.**

Plaintiff concedes that this factor favors abstention.

6. **The adequacy of the state court action to protect plaintiff's rights favors abstention.**

Plaintiff argues it should not be required to litigate in a forum it did not choose, but makes no effort to explain how or why the State Court Lawsuit cannot adequately protect its rights, particularly where no question of federal law is involved. (Dkt. #29, p. 13). Moreover, the case Plaintiff cites, *Placek v. U.S. Bank, Nat'l Assoc.* 2018 WL 1397428, *6, actually found this factor favors abstention. This Court should do so as well.

7. **Relative progress of state and federal proceedings favors abstention.**

Plaintiff downplays the fact that the State Court Lawsuit has been pending for more than a year, involves multiple parties and some discovery is already underway. Although Plaintiff was

named as a Defendant in the State Court Lawsuit in April, the issues being litigated related to Plaintiff and its president, Arif Q. Abdul, were present long before this lawsuit was ever filed. The allegations against Plaintiff and Arif in the State Court Lawsuit provide the context for Krone's claims that each was aware of the fiduciary duties owed by Krone's co-managers and each either conspired with Krone's co-managers or aided and abetted them in breaching the fiduciary duties. This factor favors abstention or, at worst, is neutral.

### 8. Presence or absence of concurrent jurisdiction favors abstention.

Plaintiff apparently concedes this factor favors abstention, but urges the Court to "give it little weight" without citing any authority for this proposition. The fact that this case arises only under Illinois law favors abstention. *Freed,* 215 F.Supp.3d at 657.

### 9. The availability of removal favors abstention.

Plaintiff concedes this factor favors abstention.

### 10. The vexatious or contrived nature of the federal claim favors abstention.

Plaintiff argues that its decision to pursue the confessed judgment in federal court was not contrived or vexatious, but its arguments miss the point by focusing on the merits of Krone's defenses and counterclaims, whether Plaintiff was given the right to file in federal court under the commercial guarantee and its motive for filing in federal court. But the pertinent question for this factor, even taking motive out of the equation, is whether the claims and parties in this suit could have been included in the State Court Lawsuit. *See Kane*, 2017 WL 2243055. *5 (finding no need to comment adversely on the plaintiff's motives to conclude that, because his federal court claims closely track his state court affirmative defenses, the federal suit is "vexatious" and "contrived" within the meaning of *Colorado River*) *citing See Freed*, 756 F.3d at 1024 (noting that this "factor can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding"). Taking motive into consideration, there is no

13

question Plaintiff's motive for filing in federal court was to hobble Krone's ability to defend himself. Plaintiff has made this point clear throughout his response, arguing at various times that any finding by this Court would have a preclusive effect on the State Court litigation, while asking the Court to ignore the defenses and counterclaims Krone raised. Because Plaintiff's claim and Krone's defenses could have been brought in the State Court Lawsuit, and because Krone's counterclaims currently are pending in the State Court Lawsuit in his Third Amended Complaint, this factor favors abstention.

## CONCLUSION

For the reasons set forth above and its motion, Defendant SCOTT J. KRONE respectfully requests that this Court grant this motion, vacate the judgment without prejudice and/or stay the proceedings and enforcement pending resolution of the claims in the parallel state case, *Krone v. Freedom Builders, LLC, et al*, 2018 CH 6885, Circuit Court of Cook County, and for any further and additional relief the Court deems just and appropriate.

        Respectfully submitted,
        SCOTT J. KRONE

        */s/ Patrick R. Moran*
        One of his attorneys

John J. Rock, ARDC #6237980
Patrick R. Moran, ARDC #6272747
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000 (p)
(312) 494-1001 (f)
jrock@rfclaw.com
pmoran@rfclaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing document was served on all counsel of record via the Court's ECF/CM system on the date of filing.

*/s/ Patrick R. Moran*
